## THE CITY OF DECATUR

*v.*

F. W. NIEDERMEYER.

*Opinion filed November 1, 1897.*

1. BOUNDARIES—*surveyor's monuments mark the true boundaries of city lots.* Monuments placed by the original surveyor mark the true boundaries of city lots and are the most satisfactory evidence of the location of the boundary lines, controlling field notes and maps of survey, as well as distances, courses and quantity.

2. EVIDENCE—*acquiescence by city in location of alley should be given great weight.* Long acquiescence by a city in the location of an alley, and the improvements abutting thereon as so located, should be given great weight in determining, on conflicting evidence, the true boundary lines.

3. COSTS—*city is not liable for costs in a suit to enforce an ordinance.* Judgment for costs should not be rendered against a city in an unsuccessful suit to enforce a city ordinance.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. E. P. VAIL, Judge, presiding.

This was a suit brought by the city of Decatur before a justice of the peace, against F. W. Niedermeyer, for violating an ordinance of the city in obstructing a certain alley. A fine of ten dollars and costs was assessed

against him, and he appealed to the circuit court of Macon county, where the case was tried before the court without a jury.   The court found for the defendant, and rendered judgment for costs against the city.   The city brings the case to this court on writ of error.

The alley, the obstruction of which is complained of, is in block 1 of Yates & King's addition to Decatur, which was platted in 1855.   The plat of block 1 shows that the northern portion of the same was 262 feet from east to west and 101½ feet from north to south, divided into six lots.   South of these lots is an alley 16 feet wide.   The southern portion of the block is 156¾ feet from north to south, and divided into lots in the same manner as the northern portion.   Monroe street runs along the east side of lot 1, in block 1, said lot being in the north-east corner of the same.   On the west of block 1 lies block 2, which is in all respects similar to it.   South of these two blocks lie blocks 3 and 4, divided in the middle by a 20-foot alley, the lots both on the north and south of the alley being 150 feet deep.   North of blocks 1 and 2 there was a platted street 40 feet wide, called King street.   The city afterwards opened another street, called Eldorado street, 48 feet 10 inches north of the north line of these blocks, and sold the intermediate strip of 48 feet 10 inches lying along block 1 to F. W. Niedermeyer, the defendant in error.   He became the owner of lots 1 and 2 in 1856, and subsequently of the rest of the northern tier of lots. In 1857 he built a house and barn on this property, putting the latter on the line of the alley, as indicated by the surveyor's stakes.   He afterwards built on the same line a corn-crib, which was subsequently enlarged and turned into a dwelling.   Later the barn burned down and he built a brick barn on the same line.   In 1894 Monroe street was paved, and the surveyor then fixed the south line of the alley six or seven feet north of the fence on the north side, as now located.   The city notified Niedermeyer to remove the obstructions in the alley, which he

failed to do, hence this suit. One of the errors assigned is the judgment for costs against the city, and the defendant in error has offered to remit such costs.

JAMES M. LEE, and I. A. BUCKINGHAM, for plaintiff in error:

A city is not liable for costs in a suit to enforce an ordinance. *Nokomis* v. *Haskey,* 31 Ill. App. 107; *Petersburg* v. *Whitnock,* 48 id. 663; *Fosselman* v. *Springfield,* 38 id. 296; *Holmes* v. *Mattoon,* 111 Ill. 27; *Anderson* v. *Schubert,* 158 id. 75; *Carrollton* v. *Bazzette,* 159 id. 284.

When lands are purchased and conveyed in accordance with a plat, the purchaser will be restricted to the boundaries as shown by the plat. *Trustees* v. *Schroll,* 120 Ill. 517; *Mendel* v. *Whiting,* 142 id. 351; *McCormick* v. *Huse,* 78 id. 363.

A plat duly executed, certified, acknowledged and recorded vests the fee of streets and alleys shown by such plat in the corporation, town or city, in trust for the benefit of the public. *Lee* v. *Mound Station,* 118 Ill. 312.

Streets and alleys are for the use of the public, and a municipal corporation has no power to sell, convey or otherwise dispose of them or grant any private rights therein, except in the manner provided by the statute. *Kreigh* v. *Chicago,* 86 Ill. 407, and cases cited.

The use by a municipal corporation of a part of a public highway is the use of all of it. *Herald* v. *Moore,* 9 Atl. Rep. 734.

The Statute of Limitations does not run against a municipal corporation where public rights are concerned. *Lee* v. *Mound Station,* 118 Ill. 312; *Railroad Co.* v. *Quincy,* 32 Ill. App. 337; *Quincy* v. *Jones,* 76 Ill. 231; *Logan County* v. *Lincoln,* 81 id. 156; *Piatt County* v. *Goodell,* 97 id. 84.

The Statute of Limitations does not run in favor of an individual to bar the rights of the public in the use of a public highway. Elliott on Roads and Bridges, 665, 666; *Alton* v. *Transportation Co.* 12 Ill. 38.

Where public rights or property held for public use are involved, municipal corporations are not within the operation of the Statute of Limitations. *Greenwood* v. *La-Salle,* 137 Ill. 228, and cases cited.

Mere adverse possession of a part of a public highway by an individual for twenty years will not bar the rights of the public to possess and use all of such highway for the purpose for which it was dedicated. *Crocker* v. *Collins,* 34 Am. St. 752; *Piatt County* v. *Goodell,* 97 Ill. 84.

Mere non-use of a part of a public street or alley in a city for twenty years does not amount to such an abandonment as will destroy the right of the public therein and confer the title upon a private party. *Piatt County* v. *Goodell,* 97 Ill. 84; *Logan County* v. *Lincoln,* 81 id. 156.

Mere non-use of a public highway by the public and adverse possession by an individual for twenty years will convey no title or right by prescription. *Piatt County* v. *Goodell,* 97 Ill. 84.

BUNN & PARK, for defendant in error:

There must be some act of acceptance by the city. *Trustees* v. *Walsh,* 57 Ill. 363; *Hamilton* v. *Railroad Co.* 124 id. 235; *Littler* v. *Lincoln,* 106 id. 358.

This applies to statutory as well as common law dedications. *Hamilton* v. *Railroad Co.* 124 Ill. 235.

As to boundaries, tangible things must control. *Miller* v. *Beeler,* 25 Ill. 163; *Kamphouse* v. *Gaffner,* 73 id. 453; *Kruse* v. *Scripps,* 11 id. 98; *Railroad Co.* v. *Joliet,* 79 id. 25.

The monuments must control the field notes and maps of the survey, as well as courses, distances and quantities. *Bauer* v. *Gottmanhausen,* 65 Ill. 499; *Bloomington* v. *Cemetery Ass.* 126 id. 221; *Mt. Carmel* v. *McClintock,* 155 id. 608.

The doctrine of *estoppel in pais,* such as adverse possession, non-user of easement by the public for more than twenty years, acts done by owner, etc., works an estoppel against a municipal corporation. *Peoria* v. *Johnson,* 56 Ill. 45; *Auburn* v. *Goodwin,* 128 id. 57; 3 Kent's Com.

(11th ed.) 448; *Winnetka* v. *Prouty*, 107 Ill. 218; *Vermont* v. *Miller*, 161 id. 210.

Mr. JUSTICE CARTER delivered the opinion of the court:

The principal question in this case relates to the weight of the evidence. According to the latest surveys, the alley should be located somewhere from four to seven feet further north than the place where it now is and for more than twenty-five years has been actually opened, located and used, and would include within it, to the extent mentioned, the enclosure, buildings and improvements of the defendant in error. A. T. Risley, a former county surveyor, testified that when surveying in 1861 he found a number of stakes on the line of the alley as now located, and recognized some of the original corners in block 2; that the alley in block 2 was on a line with the alley in block 1, and that the line is substantially the same now that it was then. William Niedermeyer, son of the defendant, testified that the fence was built on the line of the stakes there, in lot 2. F. W. Niedermeyer testified that he built this first fence in 1857, on the line of pegs shown him by one Baker, the agent for Yates & King; that there were stakes all over the addition; that one Young built his fence on the south line of the alley according to the pegs; that the last time he (Niedermeyer) re-built the fence, nine or ten years ago, he found one of the original pegs in the ground. All the witnesses testified that the fence had been on the same line ever since it was first put up, and the barns and corn-crib had always stood on the line where they stand now; that no change had been made in the location of the alley since it was first fenced on both sides, and they refer to periods of time running back from fifteen to thirty years. This evidence is uncontradicted. The city had the addition surveyed recently by the city engineer and by the county surveyor, and while their measurements do not agree exactly, they both locate the alley farther north

than it is at present, one of them four feet and the other from six to seven feet, but no original corner stone of the addition could be found by them.   It is claimed by defendant that there is a mistake in the figures of the plat; that the lots in the southern portion of block 1 should be only 150¾ feet deep instead of 156¾, thus corresponding with the size of the lots in the blocks south, and thus explaining the discrepancy between the measurements according to the plat and the location of the stakes by the original surveyor.   However this may be, the acquiescence by the city for so long a time in the location of the alley and of the improvements made by the defendant upon the line of the alley as so located, should be given great weight in determining, in a conflict of evidence, where the true boundary is.   (*City of Mt. Carmel* v. *McClintock,* 155 Ill. 608.)

The propositions which plaintiff in error asked and the court refused to hold as law do not correctly state the law, for they all make the lot lines, as shown on the plat, control, and not the lines as actually run on the ground and the stakes set by the surveyor.   As has been repeatedly held by this court, the true boundary lines of a city lot are where they are actually marked by the monuments placed by the surveyor to indicate where they afe to be found, and the most satisfactory evidence of the place where the lines were located is afforded by the original stakes.   The monuments must necessarily control the field notes and maps of the survey, as well as courses, distances and quantity.   These monuments are facts; the field notes and plats are but descriptions which serve to assist in ascertaining the facts.   (*McClintock* v. *Rogers,* 11 Ill. 279; *Bauer* v. *Gottmanhausen,* 65 id. 429; *City of Mt. Carmel* v. *McClintock, supra.*)

The fences and buildings had been built on the same line for over twenty-five years, and the alley has been opened and used according to such fences since 1872. There is evidence that the city authorities recognized

the alley as now located. The city put in a culvert in this alley, ordered Niedermeyer to clean out the filth in it, and has never made any claim to that part alleged to be within his enclosure, Niedermeyer having been in undisputed possession of it for over thirty years. Muzzy, who had been alderman of Decatur for a number of times, testified that the aldermen gave the same attention to this alley as to any other alley; that it had been used by the public continuously since 1873. The long acquiescence of the city in the location of the alley as actually established, and its acts of recognition shown by the evidence, taken in connection with the other evidence tending to show that the alley was actually located according to the original survey, make the weight of the evidence such that the judgment should not be disturbed.

The court below found for defendant in error, and, we think, correctly. The judgment for costs against the city is erroneous, (*City of Carrollton* v. *Bazzette*, 159 Ill. 284,) and so far is reversed, but the judgment is in all other respects affirmed.

*Judgment affirmed in part.*