CHRISTIAN KUGLIN

*v.*

FREDERICK BOCK.

*Opinion filed October 13, 1899.*

BOUNDARIES—*original monuments are better evidence than field notes, maps or plats.* Monuments of the original survey are more satisfactory evidence of the boundaries of city lots than field notes, maps or plats.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

GOLDZIER & RODGERS, for appellant.

KERR & BARR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Kuglin brought ejectment against Bock to recover part of lot 43 in Benjamin Johnson's subdivision of the south-east quarter of the south-east quarter of section 4, township 38, north, range 14, east, in Cook county. Trial by jury was waived, and the court found the defendant not guilty and entered judgment accordingly. Kuglin appeals.

Kuglin, who had owned lots 43 and 44 for several years and resided upon lot 43, sold and conveyed to Bock, in 1880, lot 44, which adjoined lot 43 on the south. Kuglin and Bock measured the lot sold with a tape line, which lot was twenty-five feet front by one hundred and twenty-five feet in depth, and fixed the boundaries in accordance, as the evidence tends to prove, with the stakes set by the surveyor in laying out the subdivision. Bock erected a dwelling house on the lot so staked off a few weeks after the purchase. Kuglin observed the location and the work on the house from day to day, but made no objection. In 1894, after a survey, he brought this suit, alleging that Bock's house, fence and barn were in part located on his

lot 43,—that they extended over on lot 43 from three to five feet. Bock's defense, as set up in his several pleas, was, that he was not guilty; that he was not in possession of said alleged part of lot 43, and that Kuglin was estopped by his conduct from claiming the premises in controversy. The issues tried were made up on these pleas.

The arguments of counsel have been devoted chiefly to the question raised on the trial by the plaintiff,—that ejectment cannot be defeated by estoppel *in pais*, but that such a defense can be availed of only in equity,—and reference is made to *St. Louis Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514, *Same* v. *Same*, 112 id. 384, *Winslow* v. *Cooper*, 104 id. 235, *Baltimore and Ohio and Chicago Railway Co.* v. *Illinois Central Railroad Co.* 137 id. 9, *Linnertz* v. *Dorway*, 175 id. 508, and other cases. Reference is also made to cases deciding that parties may settle disputed boundary lines and agree upon a line between their lands, and that such an agreement may rest in parol, and when proved in ejectment the line agreed upon will prevail, even over the true line. But we deem it unnecessary to follow counsel upon these questions, for the reason that we are unable to find that the judgment is against the evidence, or the weight of it, upon the question raised as to the true line between the two lots. The burden was upon the plaintiff, Kuglin, to prove title in himself to the strip in controversy by showing it was part of lot 43, and this he did not do, unless the survey made by his principal witness was shown to be correct. It appears, however, in making this survey he began at a notch or mark made upon the curb by some other surveyor and followed the field notes of such other surveyor, and there was no evidence that they were correct. The evidence tends strongly to prove that the house, barn and fence of Bock were altogether on lot 44 as the lots were located by the original survey shown by the stakes of such survey. It is well settled that monuments of the original survey are more

satisfactory evidence of the boundaries of city lots than field notes, maps or plats. *City of Decatur* v. *Niedermeyer,* 168 Ill. 68, and cases there cited.

The judgment is right and must be affirmed.

*Judgment affirmed.*