## AUGUST SEIDSCHLAG

*v.*

## THE TOWN OF ANTIOCH.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*when action of the trial court must be presumed to be correct.* Denial of a motion to dismiss an appeal from a justice of the peace upon the ground that no complaint in writing was filed, will be presumed correct on appeal, where, although the complaint is not in the record, the clerk's certificate does not state that the record is complete, but that it contains all papers called for in the *præcipe,* which does not mention the complaint.

2. HIGHWAYS—*building a fence within a highway is an obstruction.* Building a fence within the limits of the highway is an obstruction, within the meaning of section 71 of the Roads and Bridges act, whether the fence is across the road or longitudinal therewith and within the same.

3. SAME—*notice unnecessary to authorize a recovery of penalty for obstructing road.* Notice to remove an obstruction is not essential to the right to recover the penalty provided in section 71 of the Roads and Bridges act for obstructing the road, but notice must be given before the per diem penalty for allowing the obstruction to remain can be recovered.

4. SAME—*when motion to direct verdict for defendant in road obstruction case is properly denied.* A motion to instruct the jury to find for defendant in a road obstruction case is properly overruled where it is not denied that defendant built the obstruction, and there is evidence tending to establish the existence of a highway by prescription as well as by dedication at that point.

5. SAME—*what is admissible as tending to show location of highway by prescription.* In establishing a highway by prescription, records of highway commissioners showing the lines of a road which was petitioned for, surveyed and staked out but not legally established, are admissible as tending to show the line of travel by the public, but are not conclusive nor record evidence of the actual location.

6. SAME—*evidence as to location of traveled route is properly limited to the place obstructed.* In an action for a penalty for obstructing an alleged highway, evidence as to the location of the traveled track, in establishing road by user, is properly limited to the place where the alleged obstruction was placed.

7. SAME—*law will imply intention to dedicate from acts denoting such intention.* The law will imply an intention to dedicate land for a public highway from any acts of the owner indicating an intention to so appropriate it, and if the apparent dedication is accepted by the public the dedication is complete.

8. SAME—*testimony as to intent will not prevail over inconsistent acts.*
Testimony by the owner of the land as to his intention with respect
to a dedication will not prevail against unequivocal acts and con-
duct inconsistent with the intention testified to, where the public,
in using the land, relied upon such acts.

9. SAME—*public may rely upon acts of land owner as indicative of his
intent.* If the conduct of a land owner is such as to lead·an ordi-
narily discreet and thoughtful man to infer an intention to dedi-
cate the land for a road, and the public rely upon such conduct and
accept and use the land for a road, the dedication becomes com-
plete and cannot be recalled by the owner.

10. SAME—*period of user is not material if there is an accepted dedica-
tion.* User for any definite period is not required where an intention
to dedicate is clearly implied from the acts of the owner and the
dedication was accepted by the public.

*Seidschlag* v. *Town of Antioch,* 109 Ill. App. 291, affirmed.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on writ of error to the Circuit
Court of Lake county; the Hon. C. H. DONNELLY, Judge,
presiding.

R. W. COON, for appellant.

C. T. HEYDECKER, and CHARLES WHITNEY, for ap-
pellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a suit brought before a justice of the peace
in the name of the people of the town of Antioch, against
appellant, under the provisions of section 74 of chapter
121, entitled "Roads," (2 Starr & Cur. Stat. 1896, p. 3585,)
to recover the penalty of not less than three dollars and
not more than ten dollars provided by section 71 to be
forfeited for obstructing a public road by building a fence
therein. Judgment for five dollars and costs was rendered
against appellant. He appealed to the circuit court of
Lake county, and from an adverse judgment in that court
appealed to the Appellate Court, where the judgment was
affirmed, and this further appeal is prosecuted.

The style of the ·plaintiff was changed to "The Town
of Antioch" in the circuit court. The appellant there

moved to dismiss the suit for want of jurisdiction, but the motion was denied. The motion is preserved by a recital in the bill of exceptions, but the grounds thereof are not recited. Counsel for appellant says the action should have been commenced by a complaint in writing, and that the ground of the motion was that no such complaint was filed. The record does not contain a complaint. The certificate of the clerk does not, however, certify that the record is complete. The certificate is, that the transcript contains a copy of "all the papers filed in the cause as called for in the *præcipe* filed herein." A copy of the *præcipe* filed by counsel for appellant is incorporated in the record, from which it appears the clerk was not asked to make a complete copy of all the papers in the case, but only of certain specified papers, the complaint not being one of the papers so specified. We are to presume the trial court ruled correctly on the motion until the contrary is made to appear, and as the record is silent as to whether a complaint was filed or not, we must accept the decision of the trial court as being correct. As it is not shown a written complaint was not filed, the question whether a complaint of that character is necessary is not presented for decision.

Section 71 of the Road act provides for two penalties, viz., (1) a penalty of not less than three dollars nor more than ten dollars for obstructing a public road by felling trees, etc., or "encroaching upon the same with a fence;" (2) a penalty of not exceeding three dollars per day for each day an obstruction so unlawfully placed in the public road shall be allowed to remain there after the offender has been ordered by any one of the highway commissioners to remove the same. Building a fence within the limits of a public highway is an obstruction, within the meaning of said section 71, whether the fence is built across the road or longitudinal therewith and within the road. (*Boyd* v. *Town of Farm Ridge*, 103 Ill. 408.) One who has obstructed a public road in violation of the

provisions of said section 71 is not entitled to notice to remove the same, as a prerequisite to the right to sue for and recover the penalty of not less than three dollars nor more than ten dollars provided by the statute for that act.  Liability to the penalty of not exceeding three dollars per day for each day such an obstruction is allowed to remain does not attach until a notice or order to remove the same has been given.  The action here was for placing an obstruction in the road, and no notice or order to remove was essential to the right of recovery.

The court properly overruled the motion, presented by the appellant at the close of all the evidence, to instruct the jury to return a verdict in his favor.  That the appellant built a fence at the place in question was not denied.  His contention was, that the place was not within the limits of a public highway,—that no highway lawfully existed there.  A great many witnesses were produced, and the testimony of a number of them tended to prove the existence of a public road there by continuous user by the public for a much longer period of time than is required to establish a public road by prescription.  There was also testimony tending to show a dedication of the land for use as a road to the public by the appellant.  There was contradictory testimony, but it was for the jury to determine as to the truth of the controversy.

It was not error to admit in evidence a portion of the records of the highway commissioners which showed the lines of a road which had been petitioned for, surveyed and ordered by the commissioners laid out in 1862.  It was not claimed a public road had been legally established by the proceedings which had been taken by the highway commissioners, nor was the record introduced for that purpose.  There was a controversy as to the actual *situs* of the highway as used in those early years.  Testimony was produced tending to show that a road had been actually staked off and laid out on the route

described in the petition and order produced in evidence, and had been used by the public, and the description in the plat and survey and order tended to fix the exact location of the line of travel thereon. The court, at the request of the appellant, granted an instruction advising the jury clearly as to the purpose for which this evidence was admitted and limiting its competency and applicability, and further, that it must not be regarded as conclusive or record evidence of the actual *situs* of the road, but that the actual location of the traveled route should be determined from all the evidence.

The plat or diagram prepared by James Anderson, county surveyor, was properly received in evidence. He testified it correctly represented the location of the objects marked thereon and certain measurements made by him of distances. It was rendered admissible as part of the testimony of the witness. *Wahl* v. *Laubersheimer*, 174 Ill. 338; *Justen* v. *Schaaf*, 175 id. 45.

We think the court properly limited the evidence as to the location of the traveled track of the road to the point where the fence had encroached on the highway. If the travel had been continuous there, it was of no consequence that at some other points in the line of the road the travel had deflected, to some extent, from the thread of the road to avoid obstructions or for similar reasons.

The complaint the court refused to permit the appellant, in order to rebut an intent to dedicate, to testify as to his intent in moving his fence in 1882, is not well taken. The questions to which objections were sustained called for statements made by others,—merely hearsay; and the answers made by appellant which were stricken were statements of others made to him or of what he had learned from other persons. The court did not deprive him of the right to testify as to his intent.

We cannot determine whether a plat or diagram offered in evidence by the appellant, and rejected, should have been received, for the reason the instrument is not

preserved in the bill of exceptions. It, however, seems clear from the testimony of the maker of the plat, the details of the plat and much that appeared thereon had been obtained from others, and was not within the knowledge nor was it the result of the personal examination of the premises by the draftsman of the diagram.

We do not think the judgment should be reversed because of the ruling of the court in the matter of instructing the jury. The criticism of instruction No. 1 given for appellee is, it told the jury a dedication of lands to public use may be by acts or words; that no words of dedication were proven, and that "no acts not accompanied by words can show an intent to dedicate, except permitting the land to be used for a road, and such permission must continue for twenty years." The law will imply an intention to dedicate land to the public use from any acts of the owner which indicate an intention to so appropriate it, and if the apparent dedication is accepted by the public the dedication becomes complete. (Elliott on Roads and Streets, sec. 123.) Whether there was an intent to dedicate is to be determined upon consideration of the testimony of the land owner as to his intent, together with his acts and conduct. His testimony as to his intent will not prevail against unequivocal acts and conduct inconsistent with his intent as testified to, if the public relied and acted on his act. The public may rely on that which the land owner has done as indicative of his intent, and if his conduct has been such as to lead an ordinarily discreet and thoughtful man to infer an intention to make a dedication, and the public rely upon such acts as a dedication and accept the same for public use and use it as a public road, the dedication becomes complete and cannot be recalled by the owner. (*City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 Ill. 561; Elliott on Roads and Streets, secs. 123, 124.) When a dedication is to be clearly implied from the acts and conduct of the owner, the dedication becomes effectual

at once as soon as accepted by the public, and no definite time of user is requisite. Elliott on Roads and Streets, sec. 163; *City of Chicago* v. *Wright,* 69 Ill. 318; *Moffett* v. *South Park Comrs.* 138 id. 620; *Fairbury Union Agricultural Board* v. *Holly,* 169 id. 9.

Instruction No. 2 was designed to advise the jury of the different modes by which a public highway may be acquired, dedication by the owner being one of such modes. The complaint is, that there was no evidence of user of the road at the point in the road where the fence was built, for the length of time necessary to create a road by prescription, hence, in the view of counsel, it was error to advise the jury a public road might have been acquired by dedication. The objection to instruction No. 3 is, "that unless an intention to dedicate is manifested by writing or declarations, that possession by the public for twenty years or over is necessary to constitute a dedication." What has been said in answer to the criticisms upon instruction No. 1 disposes of the complaints as to instructions Nos. 2 and 3.

The objections that instructions Nos. 6 and 9 were given for appellee and instruction No. 8 refused for the appellant arise out of the same erroneous views of counsel that user for some definite period of time is necessary to complete the dedication of lands to public use as a public road.

The third instruction tendered by the appellant asked the court to instruct the jury that if the highway attempted to be laid out by the highway commissioners in 1862 was not opened within five years thereafter the proceedings ceased to have legal effect and that the ground "would revert to and become the property of the owner." The court modified the instruction to the effect that the failure to open the road within five years would render the proceedings by the highway commissioners null and void. If the public had acquired a road by dedication, the ground on which the road was located would not be-

come the property of the appellant, as the court was asked to charge the jury by the instruction as originally drawn. The instruction ignored the claim of a road by dedication and the proof in support thereof, and the modification was necessary, or at least highly proper, in order the jury might not be misled.

We think the record free from error of reversible character, and the judgment must therefore be, and it is, affirmed.

*Judgment affirmed.*