(No. 26535.—

THE DEPARTMENT OF FINANCE, Appellee, *vs.* CLARENCE HUIZENGA, Appellant.

*Opinion filed March 16, 1942.*

HARRY TEUNE, for appellant.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, JR., of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an appeal from a judgment, in an action of debt, rendered by the municipal court of Chicago against Clarence Huizenga, for $516.82. Under the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, par. 443) the Department of Finance of the State of Illinois had made a corrected return and had assessed a tax and penalties against the appellant. The defendant appealed directly to this court as the revenue is involved.

He was engaged in selling tangible personal property at retail in Cook county from July 1, 1933, through March 15, 1938. For many months during that period he did not file returns as required by the act. On July 13, 1939, the

department notified him by registered mail of the amount of the tax deficiency, determined by it "according to its best judgment and information," and that it proposed to make a corrected assessment against him of $487.82. The twenty-day period allowed for protest passed without a request for a hearing, whereupon the department made a final assessment and notified Huizenga. No *certiorari* was sued out by him. The Department of Finance filed its action in debt in the municipal court of Chicago in order to collect the tax. In his answer defendant admitted receipt of the notices and that he had not requested a hearing or sued out a writ of *certiorari*. He said such hearing would be useless because he preserved his books only two years as required by the act until 1937; and that under our holding in *Hoffman and Morton Co.* v. *Department of Finance*, 373 Ill. 116, the final assessment was void. June 19, 1941, judgment was entered on the pleadings in favor of the Department of Finance.

Section 4 provides for a hearing and section 12 of the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, pars. 471 and 479) gave the taxpayer the right to contest the decision of the department by applying for a writ of *certiorari* within twenty days after he has had notice of the department's decision. It has been settled by this court that in absence of such review, the findings of the Department of Finance become final and the taxpayer cannot raise any questions of law or fact except those going to the jurisdiction of the department over the subject matter or the person. (*Department of Finance* v. *Gold*, 369 Ill. 497; *Department of Finance* v. *Goldberg*, 370 id. 578; *Department of Finance* v. *Schmidt*, 374 id. 351; *Clauson* v. *Department of Finance*, 377 id. 399.) In the *Gold case, supra*, at page 503, this court said:

"The intention of the legislature, in the enactment of section 12 of the Retailers' Occupation Tax act, as it seems

to us, is that the taxpayer shall be given the right to contest the decision of the department by *certiorari*, which remedy he must apply for within twenty days after he has notice of the department's decision in the matter, and that, in the absence of any such review, the findings become final. The language of section 5, that in a case such as this, where the department fixes the amount of the tax, the amount so fixed shall be *prima facie* correct, can scarcely be construed as showing legislative intent that the finding of the department shall remain but *prima facie* correct after such finding has been reviewed and confirmed on *certiorari*. It seems clear, therefore, that by fixing the limit of time in which *certiorari* may be sued out, it was the intention of the General Assembly that where the taxpayer fails or refuses to seek such review within the time limited, the decision of the department is to be taken as final. The result of any other construction would, in cases such as the one before us, naturally be to encourage the taxpayer to disregard the remedy of *certiorari* provided by the act, and to try the merits in the action in debt. An action in debt is for money judgment. There is nothing in the act to justify the court in holding that a decision in an action in debt is, in legal effect, a confirmation or denial of a decision of the department assessing the tax."

The defendant relies on the case of *Hoffman and Morton Co.* v. *Department of Finance, supra,* to show that the assessment of the additional tax after the lapse of the two-year period during which he was required to keep his books, is void. That was a *certiorari* case under the act and this court held that where the return was corrected and an additional tax assessed by the Department of Finance after the expiration of the period during which the taxpayer was required to keep his books, the burden of proof shifted from the taxpayer to the department to establish the correctness of such an assessment. It was not held that an

assessment made after the two-year period has elapsed was void for that reason alone.

The defendant failed to attack the assessment directly by suing out a writ of *certiorari* as is provided by statute, and he cannot now attack it collaterally in this action of debt. The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*