(No. 26830.— ▉▉▉▉▉▉▉▉▉▉▉)
THE DEPARTMENT OF FINANCE, Appellant, *vs.* FRANK
KILBANE *et al.,* Appellees.

*Opinion filed November 18, 1942.*

GEORGE F. BARRETT, Attorney General, for appellant.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, the Department of Finance of the State, brought an action in debt in the circuit court of Lake county against the defendants, Frank Kilbane and Harry Kilbane, doing business as Kilbane's Tea Room & Candy, to recover $711.86, assessed by plaintiff as retailers' occupation tax and penalties against the defendants. Of this amount, $335.80 represented taxes assessed for the periods from September through November, 1937, and April through

November, 1938; $83.95, a twenty-five per cent penalty; $208.93, an assessment for the months from July, 1933, through May, 1937, and $83.18 in penalties. Defendants were notified of the proposed assessments and sought a hearing on the first but neither filed a protest to nor requested a hearing on the second assessment. Final assessments were made in due course and defendants were duly notified in each instance. The taxes found due not having been paid, and a review by *certiorari,* as provided by section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1941, chap. 120, par. 451), not having been sought, plaintiff instituted this action to collect the tax and penalties. By their answer, defendants admitted their liability to the extent of $335.80, the sum found due for the periods covering sales from September through November, 1937, and April through November, 1938. They disclaimed liability for the amount assessed against them for the earlier period, namely, from July, 1933, through November, 1937, on the ground (1) that the first assessment was a bar to the second; (2) that the statutory penalties on the respective assessments were "statutory penalties" within the contemplation of section 14 of the Statute of Limitations (Ill. Rev. Stat. 1941, chap. 83, par. 15,) and (3) that the entire amount of taxes due from them was merged into the sum of $335.80 found due by the initial assessment. Plaintiff's motion to strike the answer was carried back to its complaint, and the allegations with respect to the second assessment and to penalties were stricken. Judgment was rendered, accordingly, in favor of plaintiff and against defendants for $335.80, and costs. Plaintiff prosecutes a direct appeal, the revenue being involved.

The only question which requires consideration is whether the defenses asserted in the circuit court were open to defendants. It is settled that section 12 of the statute affords the sole method for reviewing an assessment made by the Department of Finance. This section provides that

the circuit and superior courts of the county wherein the taxpayer resides, or has its principal business, shall have power to review all questions of law and fact determined by the department in administering the provisions of the statute by writ of *certiorari* to the department. In an ac-, tion to collect taxes found unpaid by the department the issue as to the amount due cannot again be re-tried or reviewed. (*Department of Finance* v. *Huizenga,* 379 Ill. 357; *Department of Finance* v. *Schmidt,* 374 id. 351; *Department* of *Finance* v. *Goldberg,* 370 id. 578; *Department of Finance* v. *Gold,* 369 id. 497.) Defendants elected to not contest either decision of the department by applying for a writ of *certiorari* within twenty days after receipt of notice of the respective decisions. In the absence of a review in the mode prescribed by statute, the findings of the department become final and the taxpayer cannot raise any questions of law or fact except those going to the jurisdiction of the department over the subject matter or the person. (*Department of Finance* v. *Huizenga, supra.*) The challenged assessments are not subject to collateral attack in the present action of debt.

Defendants have not aided us with a brief in support of their position. . For this they are hardly to be censured, for the adequate reason that the amount involved, $376.06, is so small. We are constrained to observe that it would be helpful if the Department of Finance would consolidate its claims covering several periods. Unless an important question is involved an effort should be made to compromise the situation, keeping in mind, of course, the fact that the taxpayer should pay the full amount of his tax. This is particularly true, at the present time, when businessmen, such as the defendants in this action, are required to keep innumerable records in order to determine not only the amount of their retailers' occupation tax, but also the amounts of personal property taxes, real estate taxes, income taxes, unemployment compensation taxes and, now, a

victory tax,—to mention a few. A primary objective of a taxing authority should be to relieve the taxpayer as much as possible of extraneous expenses incident to extended litigation when the matters involved might readily be adjudicated in a single proceeding. Moreover, it may be well to remember that the taxpayers must be able to supply the taxes assessed against them.

The judgment of the circuit court is reversed and the cause remanded, with directions to render judgment in favor of plaintiff and against defendants in accordance with this opinion.

*Reversed and remanded, with directions.*