Russell K. Taubert and June L. Taubert, Plaintiffs-Appellees, v. Frances L. Fluegel, Walter J. Fluegel, The Pekin Loan and Homestead Association of Pekin, Illinois, Henry A. Brinkman and Gordon K. Brinkman, d/b/a Brinkman Bros., Jerry J. Mahoney, d/b/a Mahoney Plumbing & Heating, Ashley & Gunsten, a Partnership, Illinois Valley Glass & Mirror Company, Inc., a Corporation, and Conklin Lumber Company, a Corporation, Defendants-Appellants.

Gen. No. 69–61.

Third District.

May 8, 1970.

Elmo E. Koos, of Peoria, for appellants.

Dale E. Sutton, of Pekin, for appellees.

STOUDER, J.

The Plaintiffs-Appellees, Russell Taubert and June Taubert, husband and wife, brought this action in the Circuit Court of Tazewell County against Defendants-Appellants, Frances Fluegel and Walter Fluegel, husband and wife, seeking a mandatory injunction to compel defendants to remove a portion of their house which extended across a subdivision building line restriction. The court entered the injunction and it is from such decree that this appeal follows.

Defendant, Frances Fluegel, the owner of two adjoining lots in Arlann Country Club Subdivision, Tazewell County, Illinois, commenced the erection of a residence thereon in March or April of 1963. Plaintiffs owned the property to the east of defendant's property, the property of plaintiffs being vacant at the time of the construction in 1963 and at the time of this action. Defendant's house was completed in August 1963, and she moved in at that time. This action was commenced in May, 1964. The complaint, requesting a permanent mandatory injunction, alleged that the defendant had intentionally constructed her house in such a location that a portion thereof extended across the side building line as set forth in the applicable restrictions.

The subdivision restrictions provided that no residence could be built within eight feet of the side lot lines. Plaintiffs offered the testimony of a surveyor who testified concerning his procedures in surveying the area and his conclusion that defendant's house extended across the side building line 4.6 feet at the front of the house, the encroachment continuing at an angle toward the rear of the house so that the rear portion did not extend across the side building line. A drawing prepared by the surveyor was introduced over the objections of defendant. It showed the location of the house in relation to lot lines and building lines.

300

The testimony presented by defendant tended to show that plaintiffs' property suffered no damage, and that her house, valued at approximately $85,000, would be depreciated in value at least 25% if the front corner was removed.

In seeking to reverse the decree of the trial court, defendant first argues that her residence was not shown to be in violation of the side line building restriction. She argues that the plat was erroneously admitted into evidence since it was hearsay and made no reference to government monuments.

 The surveyor testified concerning the measurements he had made, the bench marks he had used and indeed such bench marks included pipes or pins which had been placed by others as well as by him. From such reference points he determined the corners of the lot involved, the location of the common boundary line and the location of the house with relation thereto. His drawing referred to as a plat, was intended to explain his testimony. Seidschlag v. Town of Antioch, 207 Ill 280, 69 NE 949. In our view of the case, the surveyor's testimony being admissible, the plat or drawing was also admissible. Kuglin v. Bock, 181 Ill 165, 54 NE 907, cited by defendant, holds only that a survey was incorrect (not incompetent) where based on the field notes of another surveyor and where contrary to stakes establishing the lot boundaries in a subdivision. This is not the case with the plat involved in the case at bar. Further, the Kuglin case indicates that monuments of the original survey are more satisfactory evidence of the boundaries of city lots than field notes, maps or plats. See also, Wolpert v. City of Chicago—Baldwin v. City of Chicago, 280 Ill 187, 117 NE 447. Such monuments were the reference points used by the surveyor. Additionally it should be noted that no evidence contrary to the surveyor's testimony was offered by defendant.

 Defendant next argues that based on the evidence, the issuance of a mandatory injunction was unwarranted. According to defendant, the encroachment caused little, if any, damages to plaintiffs' property and the damage to defendant's property would be serious and substantial if the injunction be sustained. A mandatory injunction is an extraordinary remedial process which is not a matter of right, but may be granted only upon the exercise of sound judicial discretion in cases of great necessity. Ambassador Food Corp. v. Montgomery Ward & Co., 43 Ill App2d 110, 192 NE2d 572. As applied to encroachment cases, the equitable doctrine of balancing equities requires that injunctive relief be denied where the encroachment is unintentional. Stroup v. Codo, 65 Ill App2d 396, 212 NE2d 518. Injunctive relief is appropriate where the encroachment is intentional. Nitterauer v. Pulley, 401 Ill 494, 82 NE 2d 643, and Ariola v. Nigro, 16 Ill2d 46, 156 NE2d 536. No claim is made or evidence referred to from which it may be concluded that the encroachment was unintentional and hence the injunction is not contrary to equitable principles.

██ ██ Restrictions upon the use of property imposed as a part of a general plan for the benefit of several lots, create rights in the nature of easements. O'Gallagher v. Lockhart, 263 Ill 489, 105 NE 295. Where the owner of property is chargeable with notice of restrictions imposed upon the use of such property or has actual notice of such restrictions, courts of equity will enforce such restrictions. The award of relief by injunction does not depend upon proof of substantial damage resulting from the violation. Hartman v. Wells, 257 Ill 167, 100 NE 500.

Where a restriction provided that only one residence could be built on a lot, the court in Fick v. Burnham, 251 Ill App 333, ordered the removal of a second residence erected in violation of the restriction. In O'Gal-

lagher v. Lockhart, supra, the court ordered the removal of a large covered porch which extended across the front building line.

■ Lastly, defendant argues that the trial court erred in granting the injunction because the plaintiffs were not diligent in the enforcement of their rights. There is no doubt but that plaintiffs are required to act with due diligence. They may not sit idly by watching their rights being violated and then seek to enforce their rights at the expense of the defendant. The case of Carstens v. City of Wood River, 344 Ill 319, 176 NE 266, relied on by defendants, is illustrative of the general rule but is inapplicable to the facts at bar. There is no evidence from which it may be concluded that the plaintiffs failed to act diligently but on the contrary, there is ample evidence supporting the conclusion that they did act with appropriate diligence.

■ Taubert, one of the plaintiffs, was called as an adverse witness by the defendant. He testified that he first learned of the defendant's building intentions prior to the commencement of construction. At that time Walter Fluegel, husband of defendant, telephoned plaintiff indicating that a contemplated house was larger than would fit on their lots and asked plaintiff's permission to encroach across the building line. Taubert refused such permission. He did not thereafter see the construction until after the house was finished and within a month or two thereafter this action was commenced.

For the foregoing reasons, the decree of the Circuit Court of Tazewell County is affirmed.

Decree affirmed.

RYAN, P. J. and ALLOY, J., concur.