HEAD-ON COLLISION LINE, INC., Plaintiff-Appellant, *v.* FRANK A. KIRK, Director of the Department of Local Government Affairs, Defendant-Appellee.

First District (2nd Division) No. 60981

Opinion filed February 17, 1976.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (John G. Campbell and John W. McCullough, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Head-On Collision Line, Inc. (plaintiff) appeals the circuit court of Cook County dismissal of its complaint for an injunction enjoining the collection of a tax assessed on plaintiff's operating personal property for the years 1971 and 1972 by the State taxing agency, Department of Local Government Affairs of the State of Illinois (defendant).

The issues to be reviewed on appeal are: (i) whether the trial court properly dismissed plaintiff's complaint for failure to exhaust administrative remedies; and (ii) whether the trial court properly ruled the tax was not an unreasonable and unequal treatment of plaintiff under the Illinois and Federal constitutions.

Plaintiff is a Delaware corporation engaged in the business of owning and operating a fleet of railroad tank cars for hire upon railroad lines throughout most of the country, including Illinois. Plaintiff is admittedly subject to "An Act for assessment and taxation of Private Car Line companies" (hereinafter Act). (Ill. Rev. Stat. 1971, ch. 120, par. 372.1 *et seq.*) The Act provides for the taxation of operating personal property of private car line companies using railway lines running through this State. Taxes[1] were assessed against plaintiff's operating personal property for the years 1971 and 1972 according to this Act.

Plaintiff's representatives appeared before defendant to question the amount of the 1971 and 1972 assessments. Defendant reviewed and finalized these assessments.[2] Plaintiff filed no action for judicial review of the defendant agency's determination pursuant to the statutory provisions for administrative review, section 4b of the Act.

Some time later plaintiff filed a complaint for an injunction to enjoin defendant from collecting the taxes resulting from the 1971 and 1972 assessments. Plaintiff alleged the taxes constituted an unreasonable and invidious inequality of treatment in violation of the Illinois and Federal constitutions, in that no similar tax had been levied by State or local governmental taxing authorities upon property consisting of barges and other commercial watercraft operating upon waterways within and contiguous to this State. In its brief in this court plaintiff asserts that it was after the administrative hearings that it "discovered that another group of property owners was not being assessed in any amount for

---

[1] The 1971 tax as billed was $2,106.90; for 1972 the billed tax was $1,065.80. As of the time of filing its complaint for an injunction (December 3, 1973), plaintiff had not paid the said taxes. Interest accrues on the unpaid taxes at the rate of one percent per month.

[2] So far as we can determine, the record is silent as to the date the defendant determined the issues raised by the plaintiff as to the 1971 and 1972 assessments.

operating personal property." Thus it sought judicial review to seek redress for such unequal treatment.

Defendant answered the complaint asserting it had no authority to assess watercraft because those properties were subject to assessment by local authorities. (Ill. Rev. Stat. 1971, ch. 120, par. 553.) In its answer defendant also asserted plaintiff's complaint is barred by its failure to seek administrative review of the final assessments of the 1971 and 1972 tax as provided for in section 4b of the Act (Ill. Rev. Stat. 1971, ch. 120, par. 372.4(b)).

The circuit court, after considering the pleadings and memoranda filed by both parties, entered judgment on the pleadings finding plaintiff's action was barred for failure to exhaust its administrative remedies, that the Act was valid, and does not constitute an unreasonable or unequal treatment of plaintiff in violation of the Illinois and Federal constitutions. Plaintiff appeals that order.

## I.

We first consider whether the trial court properly dismissed plaintiff's complaint for failure to exhaust its administrative remedies. Plaintiff contends its failure to challenge the administrative determination of the tax assessment pursuant to the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) was not fatal.

The Administrative Review Act (ARA) provides, *inter alia:*

"This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof.

Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." (Ill. Rev. Stat. 1971, ch. 110, par. 265.)

The Act specifically adopts the provisions of the ARA in section 4b (Ill. Rev. Stat. 1971, ch. 120, par. 372.4b).

Plaintiff contends this doctrine of exhaustion of administrative remedies should not apply to the case at bar because a constitutional question has been raised. It cites *Titus v. Texas Co.* (1973), 55 Ill. 2d 437, 303 N.E.2d 361, and *Department of Revenue v. Warren Petroleum Corp.* (1954), 2 Ill. 2d 483, 119 N.E.2d 215, to support judicial review

of the assessments without exhausting administrative remedies. *Titus* concerned a challenge to the constitutionality of the Motor Fuel Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 418), in that it taxed only boats powered by gasoline and not boats operating on diesel fuel. The case was brought by operators of gasoline powered boats. There was no administrative assessment of taxes being challenged in *Titus* since the rate of taxation was set by statute and levied on the operators in the purchase of gasoline. The supreme court did not address itself in any way to the issue of exhaustion of administrative remedies in that case. The *Warren* case affirmed the constitutionality of the Act when that issue was raised in response to the agency's suit to collect the tax. In *Warren* there had been no prior administrative hearings and the answer challenged both the applicability of the Act and its constitutionality.

Exhaustion of administrative remedies applies to any question of law or fact except those going to the jurisdiction of the agency over the subject matter or the person. (*Department of Finance v. Kilbane* (1942), 381 Ill. 117, 119, 44 N.E.2d 868; *cf. Horan v. Foley* (1st Dist. 1963), 39 Ill. App. 2d 458, 464, 188 N.E.2d 877.) The Illinois law respecting the exhaustion of administrative remedies was recently reviewed in *Calderwood Corp. v. Mahin* (1974), 57 Ill. 2d 216, 311 N.E.2d 691. The facts of *Calderwood* were similar to those in the case at bar—plaintiff brought suit to enjoin the collection of a tax assessment without exhausting its administrative remedies. However, in *Calderwood* the trial court denied the defendant's motion to dismiss the complaint and the supreme court reversed. Among the allegations made in the *Calderwood* complaint was a challenge to the constitutionality of the statute under which the contested tax was imposed. Yet our supreme court held the defendant was entitled to a judgment dismissing the complaint because:

> "It is clear from our decisions that if a proceeding is not brought under the Administrative Review Act for judicial review of the Department's final assessment the assessment will be *conclusive as to all questions affecting its merits. A defense as to the merits of the case must be raised through administrative review or it will be considered waived.*" (Emphasis supplied.) 57 Ill. 2d 216, 220.

In *People ex rel. Naughton v. Swank* (1974), 58 Ill. 2d 95, 317 N.E. 2d 499, our supreme court reversed an appellate court ruling allowing judicial review of an administrative decision regarding retroactive public aid payments where administrative remedies had not been exhausted. The supreme court noted: "[I]t [Administrative Review Act] was designed to channel into a single procedure the judicial review of the

decisions made by administrative agencies in particular cases." 58 Ill. 2d 95, 102.

*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E. 2d 737, involved a complaint by the telephone company seeking a declaratory judgment that certain of its revenues were exempt from the Messages Tax Act. (Ill. Rev. Stat. 1971, ch. 120, par. 467.1 *et seq.*) The supreme court repeated the court's position as to exhaustion of administrative remedies:[3]

> "Even without statutory guidance, the doctrine of exhaustion has long been a basic principle of administrative law—a party aggrieved by administrative action ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to him. [Citation.] The rule is the counterpart of the procedural rule which, with certain exceptions, precludes appellate review prior to a final judgment in the trial court, and the reasons for its existence are numerous * * *." 60 Ill. 2d 350, 357-58.

Here, plaintiff, in its complaint described its business as "* * * owning, operating and leasing railroad tank cars for use by carriers and shippers * * * and is not a railroad company" and is subject to the Act; that the said Act "constitutes a part of the general ad valorem personal property tax of the State of Illinois" which "has not been and continues not to be levied by State or local governmental taxing authorities upon property consisting of barges and other commercial watercraft operating upon the waterways within and contiguous to the State of Illinois, * * *."

Section 1(2) of the Act defines the term "private car line company" and describes various types of equipment used for the transportation of "persons or property." Section 1(3) defines the term operating personal property as "all rolling stock, car equipment, rights, franchises, and all other intangible personal property connected with or used in the operation of any private car line company or held by it as occupant, lessee or otherwise." Viewing the complaint against the statute, in our opinion, leads to the conclusion that plaintiff is attacking the Act as applied to its type of equipment, and is not challenging the Act on its face.

---

[3] In the *Illinois Bell* case, the supreme court recognized that Illinois Bell, in seeking equitable relief, had relied on certain decisions of the court (*e.g., Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 52 N.E.2d 177) which preceded the 1945 adoption of the Administrative Review Act and the *Calderwood* decision. Therefore, fundamental fairness dictated the case be decided on the basis of *Owens.*

■■ Plaintiff does not contest the jurisdiction of the Department over the subject matter of the case or plaintiff; but rather, it asserts a constitutional question has been raised and the exhaustion of administrative remedies is not required. Our supreme court has held:

> "Where the alleged constitutional infirmity is to be found in its terms, prior application for administrative relief is unnecessary. [Citation.] On the other hand, where it is alleged that a statute valid upon its face is applied in a discriminatory or arbitrary manner, the rule generally prevails that recourse must be had in the first instance to the appropriate administrative board. [Citations.]" *Bank of Lyons v. County of Cook* (1958), 13 Ill. 2d 493, 495, 150 N.E.2d 97.

See also *Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 184-85, 139 N.E.2d 270; Grippo, *Exhaustion of Administrative Remedies: Need or Nuisance?* 50 Ill. B.J. 474, 475-76 (1962); 2 Am. Jur. 2d Administrative Law §603 (1962); *cf. North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 541, 343 N.E.2d 507; *In re Application of County Treasurer* (1st Dist. 1976), 35 Ill. App. 3d 449, 342 N.E.2d 249.

Plaintiff did seek an administrative hearing on the 1971 and 1972 assessments, but it did not seek judicial review of the agency's determination that the assessment was proper. Plaintiff did not file an action for review of the agency determination within 35 days as required by section 4 of the ARA, thus the agency's determination became final. Yet, after the time for administrative review had lapsed, plaintiff filed a new action in the circuit court seeking to enjoin the collection of the 1971 and 1972 taxes on the grounds the tax was unconstitutional. Plaintiff did not raise the issue of unconstitutionality in the administrative proceeding. As previously stated, since plaintiff is contesting the constitutionality of the statute as applied to railroad tank cars when no similar tax is imposed on watercraft which carry similar property, plaintiff had the obligation of seeking review of this issue before the administrative body. Constitutional questions may be raised for the first time in a complaint for administrative review. (*Howard v. Lawton* (1961), 22 Ill.2d 331, 333, 175 N.E.2d 556.) Furthermore, plaintiff has the obligation of raising constitutional questions at the earliest opportunity. See *Continental Paper Grading Co. v. Fisher* (1953), 1 Ill. 2d 37, 45, 115 N.E.2d 291; 50 Ill. B.J. 474, 484 (1962); 11 Ill. L.&Pr. *Constitutional Law* §65 (1955).

■■ Plaintiff contends it was not aware of the constitutional question at the time of the administrative hearing; however, it alleged no facts or basis for the delayed discovery of the alleged discrimination. The Act was enacted in 1943 and the act taxing watercraft by local assess-

ment authorities was enacted in 1939. Neither of these acts have undergone radical changes. All information regarding the possible discriminatory effects of these acts was available to plaintiff long before the 1971 and 1972 tax assessments. Yet plaintiff never raised this theory before. In fact plaintiff did not assert in its complaint, reply or memorandum of law filed in the trial court, this theory of delayed discovery.

In our opinion the trial court correctly found plaintiff is barred from any relief from the assessments by reason of its failure to exhaust administrative remedies.

## II.

Plaintiff's second point challenges the trial court's finding that section 1 *et seq.* of the Act (Ill. Rev. Stat. 1971, ch. 120, par. 372.1 *et seq.*) are in all respects valid and do not constitute an unreasonable or unequal treatment of plaintiff and others similarly situated in violation of the due process and equal protection clauses of the Federal and Illinois constitutions.

We have affirmed the holding of the trial court with respect to the failure of plaintiff to exhaust his administrative remedies. Therefore, it is not necessary for us to resolve the second issue raised by the plaintiff.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.