GEORGE REITER *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* JAMES NEILIS *et al.*, Defendants-Appellees and Cross-Appellants.

Third District   No. 3—83—0658

Opinion filed July 19, 1984.

HEIPLE, J., dissenting.

James T. Bradley, of Joliet, for appellants.

James S. Wirt, of Wirt & Schlak, of New Lenox, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs appeal from an order of the circuit court of Will County denying their request for a mandatory injunction requiring the defendants to cure building code, health code and zoning ordinance violations. The defendants cross-appeal from portions of that order.

The plaintiffs are the owners of three homes located on either side of and behind the defendants' residence. In the summer of 1980, the defendants constructed a room addition to the front of their home. The plaintiffs alleged that the addition was built on top of the defendants' septic field in violation of the Will County Health Code and actually cut off part of the drainage field, which made the defendants' septic system smaller than required by law.

In the fall of 1980, the defendants constructed a rear yard addition which extended beyond the 40-foot rear setback line and encroached upon plaintiff Johnsons' property by one foot. The defendants had not obtained a building permit for the second addition.

After the plaintiffs complained, the county building department red-tagged the premises. Since no permit could be issued due to the setback and property line encroachments, the defendant sought a zoning variance. The defendants proposed to eliminate the property line encroachment and requested that the zoning board authorize a 4-foot as opposed to a 40-foot setback line. This would require the defendants to remove a small part of the foundation and five feet of the structure. The remainder of the foundation and concrete floor would be left in place as a patio, which is not subject to the setback requirements. This request was denied.

The defendants filed for administrative review and also filed an amended request for a variance which proposed that the setback line be placed at 10 feet, which in turn required that more of the structure

be removed. This request was granted, and the administrative review action was dismissed.

The plaintiffs filed this action for a declaratory judgment and injunctive relief asking the court to declare the variance void and order the defendants to comply with the original 40-foot setback line.

The trial court found that the amended variance was null and void but that Neilis had acted in good faith by removing the encroachment and 12 feet of the framework of the rear addition and that even though the addition still extended beyond the setback as varied that such violation was unintentional. The trial court also found that the addition as modified was not in compliance with a building permit issued pursuant to the amended variance, which described the addition as a one-story structure with one bedroom, a den and one bath. The rear addition as constructed is a two-story structure with four bedrooms and two baths.

Because the trial court found the violation of the amended variance unintentional, the judge refused not to balance the equities and went on to decide that plaintiffs had not shown substantial injury. Therefore, the trial court refused to grant the injunction.

■ The first issue is raised by the defendants' cross-appeal. They argue that the circuit court lacked jurisdiction because the plaintiffs had not sought review of the zoning board's decision under the exclusive provisions of the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*).

Section 3—102 of the Act provides that final decisions of agencies which operate under the Act (as does the Will County Zoning Board of Appeals) can only be reviewed according to the procedures set forth in the Act. Those procedures were not followed here.

■ If the plaintiffs had been seeking review of the merits of the board's decision to grant the variance, then the Administrative Review Act would have been the sole avenue of appeal. The plaintiffs did not do so. Instead, the plaintiffs challenged the jurisdiction of the board to review and change its previous decision and also raised matters having nothing to do with the board's action. These later issues were clearly within the court's jurisdiction. As to the question of the board's subject matter jurisdiction (the extent of which will be discussed later), the general rule is that subject matter jurisdiction can be challenged at any time. (*Lawn Savings & Loan Association v. Quinn* (1967), 81 Ill. App. 2d 304, 225 N.E.2d 683.) Under the Administrative Review Act, a party is not required to exhaust all administrative remedies before seeking judicial review of an agency's subject matter jurisdiction. (*Head-On Collision Line, Inc. v. Kirk* (1976), 36

Ill. App. 3d 263, 343 N.E.2d 534.) Therefore, the plaintiffs did not have to comply with the Administrative Review Act in order to challenge the subject matter jurisdiction of the zoning board of appeals.

■ The next issue is whether the board had authority to grant a rehearing and reverse its prior ruling. The defendants contend that the second application, as amended, was actually a new request for a variance. The trial court rejected this argument, noting that the amended application was not substantially different from the first application in either form or substance, the sole difference being a reduction of six feet in the requested setback line variance. No new case number was assigned, nor was a new filing fee required. In fact, the "new" application was only a copy of the original with two minor changes. Therefore, the trial court concluded that the second proceeding constituted a rehearing and reversal of the board's previous decision to deny the variance. We agree.

■ An agency, being a creation of statute, has only those powers specifically conferred upon it. It has no inherent power to amend or change a decision it has made. (*Oliver v. Civil Service Com.* (1967), 80 Ill. App. 2d 329, 244 N.E.2d 671.) If a rule of the agency permits a petition for rehearing, the decision will not be final until the rehearing is completed or the petition denied. (*Danison v. Paley* (1976), 41 Ill. App. 3d 1033, 355 N.E.2d 230.) The Will County zoning ordinance makes no provision for rehearing, nor did the procedural rules of the zoning board of appeals at the time in question. In the absence of a jurisdictional challenge, such as the one raised by the plaintiffs, the only means of appealing the board's denial of the variance was via administrative review. The board had no authority to reconsider and change its ruling. Therefore the amended variance is void and a nullity.

■ The next issue we will address is whether the trial court erred in finding that the zoning ordinance violations were unintentional. The trial court found that although Neilis had initially knowingly violated a Will County zoning ordinance, the initial violation was cured by his application and receipt of the amended variance which moved the setback line to 10 feet. Even though the trial court found the amended variance void it found that the fact that Neilis sought and obtained the variance cured the intentional violation. We disagree with these findings. A review of the facts before us has convinced us that Neilis never acted in good faith. Twice Neilis was asked by the contractor for the rear addition whether Neilis had obtained a building permit and whether the addition violated a zoning ordinance. Several neighbors also inquired.

■ Nor do we think that by obtaining a variance Neilis cured the intentional violation. On June 27, 1981, Neilis received a letter from the attorney for the zoning board of appeals stating that the requested amended variance had been granted. Only 11 days later on July 8, 1981, this action was commenced. At the time of trial the two-story rear addition was substantially completed, with wiring and plumbing set in. The timing alone suggests that Neilis flagrantly proceeded with construction even previous to the grant of the amended variance. Furthermore, the building permit obtained on July 2, 1981, described the rear addition as a one-story addition with one bedroom, a den and one bath. The present structure is two-story with two bedrooms on each floor and two baths. According to statute the variance could be reviewed for 35 days after Neilis was served with notice of its issuance. (Ill. Rev. Stat. 1981, ch. 110, par. 3—103) In addition, it is clear from the facts that the rear addition as modified and constructed violated the 10-foot setback line. Under these circumstances, we have no doubt that the subsequent violation as well as the initial violation was intentional.

■ Because we find that a zoning ordinance was intentionally and knowingly violated, the trial court erroneously considered the degree of injury to the plaintiff in deciding not to grant injunctive relief. In *Taubert v. Fluegel* (1970), 122 Ill. App. 2d 298, 302, 258 N.E.2d 586, 588, we discussed the proper action to be taken by a court where a violation is intentional. As stated in *Taubert*,

> "Where the owner of property is chargeable with notice of restrictions imposed upon the use of such property or has actual notice of such restrictions, courts of equity will enforce such restrictions. The award of relief by injunction does not depend upon proof of substantial damage resulting from the violation [citing *Hartman v. Wells* (1912), 257 Ill. 167, 100 N.E.2d 500]."

Therefore, the trial court erred in refusing to grant an injunction based upon its finding that plaintiffs had failed to prove substantial damages. Nor do we agree with the trial court that plaintiffs failed to prove substantial injury. Furthermore, we find that the damages were of a continuing nature; for example, the effects of overloading the septic system would not be known until sometime in the future. Therefore, injunctive relief was the proper remedy under these circumstances.

■ Defendant also argues that the cost of removal of the rear addition would be considerable because the structure is now nearly completed. It is well settled that a court need not balance the equities before granting an injunction if the violation is intentional. Therefore,

the cost of compliance is immaterial when the violation is intentional as it was in this case. Nor are we persuaded by defendant's contention that Neilis had a vested right in the completion of the rear addition. Defendant's argument is based upon *People ex rel. Skokie Farm House Building v. Village of Morton Grove* (1959), 16 Ill. 2d 183, 157 N.E.2d 33. In *People ex rel. Skokie Farm House Building*, the zoning designation affecting the owner's property was changed from residential to commercial after a row housing project had been commenced. In *People ex rel. Skokie Farm House Building*, the owner had fully complied with all ordinances in effect at the time the project began. Neilis certainly cannot make that claim.

■■ Defendant also argues that section 7 of "An Act in relation to County Zoning" (Ill. Rev. Stat. 1981, ch. 34, par. 3160) precludes injunctive relief because Neilis' violation was merely technical and plaintiffs have failed to establish actual and substantial injury. This argument is premised upon *County of Cook v. Priester* (1974), 22 Ill. App. 3d 964, 318 N.E.2d 327. In *Priester*, the first district denied equitable relief to the village of Wheeling, because the village failed to prove any injury. In the case before us, however, numerous injuries were alleged and proven. The trial court found that the rear addition interfered with light, air, view and privacy. Numerous other allegations of injury were made, *i.e.*, overloading of the existing septic system, devaluation of property in the area, loss of a potential buyer due to an encroachment, among other things.

Furthermore, *Priester* is not applicable to this case because it basically pertains to standing to sue under section 7. No standing argument was raised in this case, and the trial court did not base its decision upon section 7. Lastly, section 7 is a penal statute which provides traditional equitable relief for violations of zoning ordinances in addition to a fine of $500. See Ill. Rev. Stat. 1981, ch. 34, par. 3160.

■■ The characterization of these violations as mere technical violations makes a mockery of the legislature's efforts to protect the health and safety of property owners by regulating property use. If this intentional disregard is a technical violation of the statutory setback requirements, then it is difficult to imagine what an actual violation would entail. If we allow intentional, flagrant violations of our zoning laws, we make it likely that zoning ordinances will be disregarded with greater frequency in the future.

We, therefore, reverse the circuit court of Will County and remand this case with instructions to enter judgment consistent with our holding.

Reversed and remanded with instructions.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:

The findings of the trial judge in a chancery case such as the one before us are not to be disturbed unless they are contrary to the manifest weight of the evidence. The majority has reversed the trial court based on nothing more than a difference of opinion.

Finding that the defendant's acts were unintentional and the plaintiff's injuries insubstantial, the trial judge balanced the equities and denied injunctive relief. These findings are supported by the record. However, relying on the same record, the majority of this court reaches the opposite conclusion. They do not contend that the trial court misapplied the law, made erroneous evidentiary rulings, ignored the facts or otherwise abused its discretion. Not pleased with the result below, the majority has substituted its opinion for that of the trial judge. This practice is contrary to our system of justice which has traditionally vested a chancellor with substantial discretion in factual matters. Therefore, I respectfully dissent.