(No. 13858.—Decree affirmed.)

KARL PRADELT *et al.* Appellees, *vs.* HYMAN LEWIS *et al.* Appellants.

*Opinion filed April 21, 1921.*

1. INJUNCTION—*a mandatory injunction will issue to prevent encroachment upon adjoining land.* A mandatory injunction will ordinarily issue against the maintenance by a land owner of an encroachment on the land of an adjoining owner and to compel the removal of such encroachment.

2. SAME—*when a party injured by encroachment of adjoining proprietor will be left to his legal remedy.* A land owner who is injured by the encroachment of an adjoining owner will be left to his remedy at law where the encroachment is slight and unintentional, where the cost of removing it will be great and where compensation and damages can be had, but if the encroachment is intentional the absence of present damage to the owner of the land encroached upon will not defeat his right to an injunction.

3. SAME—*when injuries are "irreparable."* The term "irreparable," as used in the rule that injuries suffered by a complainant must be irreparable before equity will grant relief by injunction, means incapable of being adequately compensated for in money, and an injury which tends to the destruction of an estate, or which is of such a character as to work the destruction of the property as it has been held and enjoyed, will be treated as irreparable.

4. SAME—*when defendant will be compelled to straighten wall of his building.* Where a building is so erected that it leans over and against an adjoining building, thereby causing injury which cannot be safely measured and may reasonably result in the total destruction of the adjoining building, a court of equity, by mandatory injunction, will compel the defendants to remove the encroachment and to straighten the wall of their building.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

HENRY POLLENZ, for appellants.

SALTIEL & ROSSEN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees filed their bill in the circuit court of Cook county praying for a mandatory injunction to compel appellants to remove certain alleged encroachments upon their property and to require them to straighten the south wall of their building. After a hearing before the chancellor a decree was entered granting the prayer of the bill and requiring appellants to act accordingly. From that decree this appeal was taken.

From the record it appears that appellees became the owners in joint tenancy of a two-story frame building located at 4112 Monticello avenue, in Chicago, in 1911, by warranty·deed, and have been in possession by themselves and their tenants since that date; that in September, 1916, Hyman Lewis began the construction of a three-story brick building on the adjoining lot north of appellees' property; that the foundation of said brick building was constructed on the lot line between the two tracts and about ten inches from the main wall of the appellees' building; that shortly after the erection of the brick building appellees noticed it leaning and projecting over their property, and caused a notice, through their attorneys, to be filed in the recorder's office of Cook county on March 5, 1917, setting out that fact; that on August 1, 1918, Lewis conveyed his property, including said three-story building, to Morris Gerber and Annie Gerber; that thereafter appellees filed an amended bill in the circuit court in the proceeding which they had started against Lewis, making Morris and Annie Gerber parties to these proceedings, alleging therein that they had

full knowledge at the time of their purchase that the building on the lot which they had purchased encroached upon and over appellees' property.

Appellees' proof offered on the hearing showed that the south wall of appellants' brick building was hanging over appellees' land at the time of the trial, at some points about four and a half inches; that the brick building, by leaning against the cornice on the roof of appellees' building, had caused appellees' building to be injured and crushed, including the cracking of plaster and throwing of doors out of plumb, and it is alleged in the amended bill that the adjoining wall of appellant's building may continue to settle, and that possibilities exist of dangerous conditions arising thereby. The evidence offered by appellees on the hearing justified the allegations of the amended bill and the decree entered by the chancellor. Appellants offered some evidence tending to minimize the extent of the encroachment and the injury caused thereby. There can be no question, however, from the record, that the south wall of appellants' building was leaning at various points some inches over and against appellees' building and had caused considerable injury. The testimony of a surveyor on behalf of appellees showed that he had made three surveys of these two properties,—January 3, 1917, January 21, 1919, and December 9, 1919,—and in each survey found the encroachment of the south brick wall had increased since the last survey. On the hearing in the trial court, by agreement of all the parties, the chancellor, in company of both counsel, visited the premises and personally investigated the condition of the properties before making his decision.

Counsel for appellants does not contend that the wall of his clients' building does not encroach upon appellees' property but insists that the encroachment is slight, and that the proof shows that the cost of removal will be great and the corresponding benefit to appellees' building small, and therefore the appellees should not have relief in equity but

should be required to obtain their relief first in a suit at . law. "A mandatory injunction will ordinarily issue against the maintenance by a land owner of an encroachment on the land of an adjoining owner to compel the removal of such encroachment." (1 R. C. L. 378.) The doctrine thus laid down by this authority finds support in the decisions. (*Harrington* v. *McCarthy,* 169 Mass. 493; *Norwalk Heating and Lighting Co.* v. *Vernam,* 75 Conn. 662; *Pile* v. *Pedrick,* 167 Pa. St. 296.) It is true, as argued by counsel for appellants, that the courts have held that where the encroachment is slight and the cost of removing it will be great and the corresponding benefit to the adjoining owner small, or compensation and damages can be had, the court will ordinarily decline to compel a removal and will leave the complaining party to his remedy at law. (1 Corpus Juris, 1209.) This last rule is sometimes stated as applying only when the encroachment is slight and unintentional. In such cases the owner will ordinarily be left to his legal remedy, and the extraordinary remedy by injunction will be allowable only when strong reasons therefor are shown; but if the encroachment was intentional, the absence of present damage to the owner of the land encroached on will not defeat his right to an injunction. (1 R. C. L. 379.) The rule is also that in order to give relief in such cases in equity the injury suffered by the complainant must be irreparable, and that, as ordinarily used, the term "irreparable" means that it cannot be repaired or restored or adequately compensated for in money or the compensation can not be safely measured; that an injury which tends to the destruction of an estate, or which is of such a character as to work the destruction of the property as it has been held and enjoyed, will be treated as irreparable. (14 R. C. L. 347.) In our judgment the great weight of the evidence shows clearly in this case that the building of appellants is encroaching upon the building of appellees, and that the injury cannot be safely measured and may reasonably re-

sult in the total destruction of appellees' building, and if their building should be destroyed by the falling of the brick wall it might also result in the loss of life.

While this court has not passed upon this identical question with reference to encroachments on property by an adjoining building, it has had questions similar in principle before it with reference to buildings erected contrary to building restrictions contained in deeds, and has held that the chancery courts have jurisdiction to prevent such an encroachment even though the expense of removing the encroachment and requiring the building to be re-built according to building restrictions would be great. (*Turney* v. *Shriver*, 269 Ill. 164.) We do not think that the encroachment here in question can be held to be unintentional in the sense in which that word has been used in the decisions. In erecting buildings the owners are bound to take such precautions as to the method of construction and material used that they will not lean over and encroach upon the property of adjoining owners to its damage. The record shows clearly that the appellees were in no way at fault in trying to protect their rights with reference to this encroachment, and this court has said with reference to the erection of buildings contrary to building restrictions in deeds, that "the duty of the courts' is to protect rights, and innocent complainants cannot be required to suffer the loss of their rights because of expense to the wrongdoer." *Gulick* v. *Hamilton,* 287 Ill. 367.

The decree of the circuit court was amply justified by the evidence in the record, which was doubtless confirmed by the personal view of the property by the chancellor who tried the case.

The decree will be affirmed.          *Decree affirmed.*