---

(No. 15274.—Reversed and remanded.)
ROBERT J. KROSCHEL *et al.* Appellees, *vs.* HUBERT J. SCHWALL, Appellant.

*Opinion filed April 18, 1923.*

1. EQUITY—*when equity may enjoin a trespass.* A court of equity may enjoin a trespass where the complainant has no adequate remedy at law, or where it is necessary to prevent a multiplicity of suits, or where the complainant's title is admitted or has been established in a case at law and repeated trespasses are threatened of such a character that the amounts recoverable as damages in actions at law would be so small and disproportionate to the vexation and expense of the actions as to render the remedy at law inadequate.

2. SAME—*general allegation of inadequacy of remedy at law is not sufficient to maintain bill to enjoin trespass.* A general allegation of inadequacy of the remedy at law is not sufficient to maintain a bill in equity to enjoin a trespass, but acts and circumstances must be so alleged and proved as to show that irreparable injury, for which the law affords no adequate redress, will result from the acts complained of.

3. SAME—*when bill to enjoin trespass must be dismissed.* A bill to enjoin trespass must be dismissed where it merely shows on its face that there is a controversy between the parties as to the correct location of the boundary between their respective lands, and does not state that the complainant's damages are irreparable or that the defendant is insolvent, and does not allege fraud or any other basis for equity jurisdiction.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

E. W. ADKINSON, for appellant.

A. G. DICUS, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill filed in the superior court of Cook county asking for an injunction against the appellant, Hubert J. Schwall, and his wife, Paulina, enjoining them from interfering with appellees' use and enjoyment of a strip of land which was claimed by the Kroschels as part of a lot conveyed to them by the Schwalls, and praying that Schwall remove the fence he had built on what he claimed was his line. The court entered an injunction against Schwall as prayed and dismissed the bill against his wife on the ground that appellees have a complete remedy at law as against her. From that decree this appeal has been prayed by Hubert J. Schwall.

In 1916 Paulina Schwall received a deed to a tract of land in Gross Point, in Cook county, and later, on April 1, 1918, she and her husband entered into a contract with Robert J. Kroschel, (signed again in another form April 1, 1919,) whereby Schwall was to convey the property (describing it) to Kroschel.

It is contended by appellant that the chancery court was without jurisdiction to entertain this bill; that no question of fraud as to which equity has original jurisdiction was set out in the amended bill, and that the demurrer thereto should have been sustained as to both Schwall and his wife. It is argued,—and such argument finds support in the record,—that the bill did not state that the damages of appellees were irreparable or that the appellant was insolvent; that the bill simply showed upon its face that there was a controversy between appellees and appellant as to the cor-

rect location of the boundary between their respective lands and did not allege fraud or any other basis for equity jurisdiction. There can be no question under the authorities, including decisions from this State, that a court of equity may enjoin a trespass where the complainant has no adequate remedy at law, or where it is necessary to prevent a multiplicity of suits, or where the complainant's title is admitted or has been established in a case at law and repeated trespasses are threatened of such a character that the amounts recoverable as damages in actions at law would be so small and disproportionate to the vexation and expense of the actions as to render the remedy at law inadequate, and that the general allegation of inadequacy of remedy at law is not sufficient to maintain such a bill; that such acts and circumstances must be so alleged and proved as to show that irreparable injury, for which the law affords no adequate redress, will result from the acts complained of. (*Abel* v. *Flesher,* 296 Ill. 604, and authorities there cited; *Fuller* v. *Davis' Sons,* 184 id. 505.) It would seem from these authorities that under the allegations of · the bill no ground was stated authorizing equity to take jurisdiction.

We find nothing said by this court in *Pradelt* v. *Lewis,* 297 Ill. 374, relied on by appellees, that would lead to any different conclusion. The facts in that case were so different from those here, that what is said by .the court there has no bearing on the exact issues here involved. Neither do we think the authorities cited from the jurisdictions of other States are in point on the question here, as the facts in the cases mainly relied on are not at all like the facts in this case as shown by the allegations of the bill.

As equity was without jurisdiction, the decree of the superior court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*