Eldon L. Stroup, et al., Plaintiffs-Appellants, v. Charlotte Codo and James J. Alessio d/b/a Alessio and Sons, Defendants-Appellees.

Gen. No. 65-34.

Third District.

December 14, 1965.

397

Galowich & Galowich, of Joliet (Jerald S. Galowich, of counsel), for appellants.

Gray, Thomas, Wallace & O'Brien (Robert J. Baron, of counsel), for James J. Alessio, appellee.

CORYN, J.

Plaintiffs, Eldon L. Stroup and Hilda Stroup, and defendant, Charlotte Codo, are owners of adjoining commercial lots which abut at their northern boundaries upon West Jefferson Street in the City of Joliet. Both lots are shaped as parallelograms, the plaintiffs having frontage of 110 feet, the defendants having frontage of forty feet, and the depth of each lot being 139 feet. A one-story frame building measuring approximately 18′ x 36′ located at the northeast corner of plaintiffs' lot has been used for some time during warmer seasons of every year as a drive-in ice cream stand. A fence located approximately three feet easterly of plaintiffs' western boundary, and along its length, is the only physical barrier between the lots in question. James Alessio, d/b/a Alessio & Sons, also a defendant, as general contractor to Codo, completed construction of a concrete block building upon her aforementioned lot in January, 1964. During the following May, plaintiffs had their premises surveyed, and thereupon discovered that the easterly side of the new Codo building, measuring thirty-two feet from north to south, protrudes across their western property line. The encroachment measures approximate-

ly two inches at the northeast corner of the building and increases along the course of the wall to a maximum of about five and one-half inches at the southeast corner. This proceeding, involving several counts, a counterclaim and a cross-complaint followed. The cause thereafter proceeded to trial before the court solely on Count II of plaintiffs' complaint, which seeks injunctive relief against defendant, Charlotte Codo, requiring her to remove the encroachment. After the hearing, the Chancellor found (1) the encroachment small, (2) the detriment to plaintiffs slight, (3) the cost of removal great, (4) the encroachment unintentional, and (5) plaintiffs' remedy at law for damages adequate. Accordingly, a decree was entered in favor of the defendants denying the mandatory injunction prayed for by plaintiffs. The Chancellor also made the additional finding that no just reason exists for delaying appeal. Plaintiffs thereupon perfected this proceeding for review.

Plaintiffs contend on appeal that the court's finding that the encroachment was unintentional is contrary to the manifest weight of the evidence, and that the order denying injunctive relief, which depends for its validity upon the correctness of this finding, must therefore fail. They also contend that the encroachment is not slight, and that the contrary finding is also against the manifest weight of the evidence. In addition, plaintiffs argue that the trial court committed prejudicial error in admitting defendant's Exhibit No. 1 to evidence over their objection.

This exhibit purports upon its face to be a plat of survey of the Codo premises, bearing the signature, certificate, and seal of a person identified thereon as a Registered Illinois Land Surveyor. James Alessio, called as an adverse witness on behalf of plaintiffs, testified that after entering the agreement to construct the building for Mrs. Codo, he was furnished with a plat of the premises by her husband. He testified generally as to

what that plat showed, and that from the plat he located stakes at the northeast and southeast corners of the lot, and from these stakes verified the frontage and depth of the premises before construction was commenced. Subsequently, Alessio was called as a witness on behalf of Codo, and then identified defendant's Exhibit No. 1 as the survey plat to which he had made earlier reference. Mrs. Codo's husband testified that said plat had been furnished his wife at the time the premises was purchased in 1963. The exhibit was then offered by Mrs. Codo for the limited purpose of corroborating the testimony of James Alessio to prove that he had relied upon a document purporting to be a plat of survey, and not for the purpose of proving the truth of the matters that said plat purports to show. The record indicates that the Chancellor reserved his ruling on this offer until the conclusion of the evidence, and it appearing then that defendants did not dispute plaintiffs' proof of the fact of an encroachment, defendant's Exhibit No. 1 was admitted in evidence for the limited purpose for which it was offered.

We think the ruling admitting defendant's Exhibit No. 1 to evidence was not prejudicial error. James Alessio, when called by plaintiffs, had already testified, without contradiction, as to what the plat showed; that it was given to him by Mr. Codo; and that he had made his calculations regarding the location of the building in reliance upon this plat. In view of this testimony and the limitations upon the offer, and that Mrs. Codo did not dispute the fact of an encroachment, the admission of this plat without sufficient authentication, and for limited purposes, as cumulative evidence, corroborating other competent testimony not disputed, was not harmful. Bradley v. Western Casket & Undertaking Co., 185 Ill App 375. See also Curtin v. Mann, 258 Ill App 419; Schumacher v. Klitzing, 269 Ill App 60; Chapin v. Foege,

296 Ill App 96, 15 NE2d 943; Malott v. Woods, 119 Ill App 90.

 It is an accepted principle of law that where an encroachment is slight and unintentional and the cost of removing it great, and the corresponding benefit to the adjoining owner is small, and damages can be had, that courts will ordinarily refuse to grant injunctive relief, and will leave the complaining party to his remedy at law. See Pradelt v. Lewis, 297 Ill 374, 130 NE 785. In order for an encroachment to be intentional, it must be deliberate in the sense that the owner either proceeded to construct after notice of the encroachment, or that in ascertaining the boundary or in constructing or maintaining his building, he so failed in the exercise of any appreciable precaution as to indicate a wilful disregard of the rights of the owner. Nitterauer v. Pulley, 401 Ill 494, 82 NE2d 643; 1 Am Jur2d, Adjoining Landowners, § 134, p 782; 28 ALR2d 679, 705 et seq. § 8. The mere showing that the encroachment exists does not establish that it was intentional.

 We have carefully reviewed the record and agree with the finding of the Chancellor that there is not sufficient evidence to support plaintiffs' thesis that Mrs. Codo proceeded with construction after notice of the encroachment, and we also agree, considering all the facts in the record, that the encroachment is slight. As to whether the precautions taken by Mrs. Codo were so wanting or minimal as to show wilfulness, we note the record shows that her contractor located stakes at the corners of her lot from data on a plat which Mrs. Codo received at the time the tract was purchased in 1963. Measurements and computations were made from this plat by the general contractor and followed in the construction. Nothing in the record indicates that Mrs. Codo or her contractor had reason to know or believe that the plat relied upon was inaccurate or untrustworthy.

Whether reliance thereon, considering its source, and whether the contractor's mode of computing bearings therefrom, and locating them upon the lot, were adequate, or whether Mrs. Codo should have had a new survey made, and whether her contractor should have used a transit in verifying angles, as plaintiffs contend, were issues to be determined by the trier of fact. The Chancellor concluded from evidence that the defendant did make appreciable attempts to locate the boundary, was unaware of miscalculations until after the building was completed, and was not reckless in relying upon the recent plat. We are not permitted to substitute our judgment on these issues of fact for that of the Chancellor unless his findings are palpably against the weight of evidence. We find no such palpable error. Accordingly, the decree of the Circuit Court is affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.