EARL GEORGE CAMMERS *et al.*, Plaintiffs-Appellees, *v.* MARION CABLEVISION, a Division of Cable Information Systems, Inc., Defendant-Appellant.

(No. 74-211;

Fifth District—March 4, 1975.

*Rehearing denied April 4, 1975.*

James W. Sanders, of Marion, for appellant.

Norbert C. Garrison, of Garrison & Garrison, of Marion, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellees, plaintiffs, instituted an action for a mandatory injunction to require the defendant, appellant, to remove certain underground cables placed on the property of the appellees without their consent. After a hearing, a "summary decree" was entered granting the mandatory injunction, and the hearing was then continued to a later date for the determination of damages. The appellant filed a motion for a rehearing and the motion was granted for the purpose of hearing evidence on the question of the ownership of the real estate involved. At the conclusion of this hearing, the Court issued an "amended summary decree." This appeal was taken by the appellant from the decree ordering the mandatory injunction to issue.

The appellant bases its appeal on the allegation that the trial court erroneously admitted certain evidence at the hearing and that there was not sufficient grounds for the issuance of the mandatory injunction.

The appellant obtained a permit from the Williamson County superintendent of highways to install a television cable along, across and upon county and unit road district highways of the county. The appellees own real estate in Williamson County which adjoins and abuts a public road on its south boundary line, and they alleged in their complaint that the television cable was installed along and upon appellees' property on the south boundary. The installation also included erecting a cable television box 11.5 feet north of the south boundary line of appellees' property. The appellant's only defense is that the installation was made upon the public right-of-way pursuant to the permit of the county superintendent of highways.

After a hearing without evidence being presented, the appellees' motion for summary decree was granted, but the trial court granted a rehearing for the sole purpose of hearing evidence on the question of ownership of the real estate. The appellees and a registered land surveyor, testified at the rehearing. The appellees satisfied the trial court as to their ownership of the property in question. The surveyor testified

that he made a plat that was admitted into evidence, and this plat shows the boundary line of appellees' property with particular reference to the south boundary line and the public highway, which highway had not been dedicated by deed to the public. The plat showed the south boundary line of appellees' property to be up to and partially within the highway. It also showed that the cable was primarily on the appellees' property, including the television cable box.

The surveyor also related on direct examination how he determined where the cable was buried. The cable's location was platted from markers placed in the ground by a crew from a truck marked "Cablevision." The surveyor's crew measured the locations marked by the "Cablevision" crew and thus arrived at its location. These measurements for the plat were finished on January 3, 1974. On cross-examination appellant brought out that the surveyor did not actually know of his own knowledge where the cable was buried. However, he did testify that if the cable was installed on the north edge of the public road then most of it would be on appellees' property. The defendant in its verified answers to interrogatories stated that "measurement was made to determine cable would be buried within the county road easement." In answers to supplemental interrogatories, the defendant admitted that it was unable to obtain the exact measurements to show where the cable was buried; but it did attach a diagram to show the location. This diagram is very similar to the plat completed by the surveyor, showing the cable to be buried on the north side of the traveled surface of the highway.

The appellant offered no evidence at the rehearing and contends that the trial court erred in the admission of the plat and the surveyor's testimony. This objection is based on the surveyor's testimony not being supported by facts in evidence. Appellants admit that the admission of a plat into evidence is within the discretion of the court. It is also true that a plat made by a registered land surveyor is to be received as prima facie evidence. Section 17 of "An Act * * * regulating * * * Land Surveying * * *" (Ill. Rev. Stat., ch. 133, par. 50) provides:

> "All plats and certificates thereto issued by a registered land surveyor under his hand and seal shall be received as prima facie evidence in all courts in this State."

■■ Appellant ignores its own answers to appellees' interrogatories wherein the appellant admitted that the cable was buried within the county road easement. It also supplied a diagram which located the cable as being partially on the property of the appellees. The appellant did not deny that the television cable box was located 11.5 feet north of the south boundary line as shown in the plat. This evidence and the

testimony of the surveyor along with the plat was sufficient for the court to admit the plat into evidence. Supreme Court Rule 213(f) (Ill. Rev. Stat., ch. 110A, par. 213(f)) allows the use of interrogatories as evidence in the same manner as depositions of adverse parties. The appellant did not rebut the evidence of the plat, and the trial court did not abuse its discretion in the admission of the plat. *Taubert v. Fluegel*, 122 Ill.App.2d 298.

■■ Finally, the appellant contends that there was insufficient grounds for the issuance of the mandatory injunction. In *Haack v. Lindsay Light and Chemical Co.*, 393 Ill. 367, 372, the court said that "courts will move with caution * * * in granting those [injunctions] of mandatory character, and that to entitle a person to relief by injunction he must establish an actual and substantial injury, not merely a technical or inconsequential wrong entitling him to nominal damages." The same language is found in *Malchow v. Tiaks*, 122 Ill.App.2d 304, stressing the fact that the mandatory injunction is not regarded with judicial favor and is used only with caution and in cases of great necessity.

A mandatory injunction is an extraordinary remedial process which is not a matter of right, but may be granted only upon the exercise of sound judicial discretion in cases of great necessity. (*Taubert v. Fluegel*, 122 Ill.App.2d 298; *Ambassador Foods Corp. v. Montgomery Ward & Co.*, 43 Ill.App.2d 100.) The appellees contend in their complaint that the installations constitute a continuing trespass, and that they have no remedy at law and will suffer irreparable damage if the trespass continues. The permit was issued to the appellant by the county superintendent of highways in May, 1970, and the cable was installed between October 15, 1970, and November 30, 1970, on the public highway adjoining appellees' farm. In January, 1972, appellants requested an easement from appellees but were refused. The complaint was filed by the appellees in April, 1973. The plat completed by appellees' witness, the surveyor, was prepared during January and February, 1974.

The appellees cite *Cragg v. Levinson*, 238 Ill. 69, and *Klesath v. Barber*, 4 Ill.App.3d 86, to defend the granting of the mandatory injunction. In the *Cragg* case, the defendant, without any right, repeatedly entered upon the premises of the plaintiff and committed trespasses. The court held that the facts presented a proper case for enjoining the trespasses. No mandatory injunction was involved. The *Klesath* case cited the *Cragg* opinion, stating that a court of equity may enjoin continued trespasses and threats of injury to property. In the *Klesath* case, the trial court granted an injunction in connection with the termination of a farm tenancy of defendants. These two cases are entirely different from the

facts in the instant case. The installation by the appellant can be considered a continuing trespass, but not continuing trespasses, as was determined in the above two cases.

■■■ In general the remedy of a mandatory injunction has been invoked by courts to compel landowners to remove encroachments. However, it is well settled that where the encroachment is slight and unintentional, the cost of removal great, the benefit to the owner small and where damages can be had, the courts will ordinarily refuse to grant injunctive relief, and will leave the complaining party to his remedy at law (*Nitterauer v. Pulley*, 401 Ill. 494; *Malchow v. Tiarks*, 122 Ill. App.2d 304; *Stroup v. Codo*, 65 Ill.App.2d 396). The *Malchow* and *Stroup* cases both involved situations in which one party constructed a building which encroached slightly onto the other party's property. In *Malchow*, the court reversed the trial court's judgment granting a mandatory injunction, and in *Stroup*, the appellate court affirmed the denial of a mandatory injunction. In each case, the appellate court found that the encroachment was slight and unintentional; that the cost of removal was great; that the benefit of removal to the owner would be small; and that the injured party could be adequately compensated by damages. Applying these principles to the present case, it cannot be said that the appellant behaved in such a manner as to warrant the mandatory injunction. Appellees did not suffer such irreparable damages that they could not be compensated with damages.

Appellant obtained a permit from the county superintendent of highways to install the cable along, across and upon county and unit road district highways. The surveyor testified that the cable was installed within the right-of-way of the public road, but that it was both on the property of the appellees and partially on the north edge of the highway. This determination was included in the amended summary decree of the trial court. This is a clear indication that the action of the appellant was not done with the knowledge that it was trespassing on appellees' property. The fact that the cable was found to be partially on the north edge of the highway and also very close to the boundary in some instances along the 1348 feet involved does not demonstrate that appellant's action was deliberate and planned to intentionally place the cable on appellees' property. In *Stroup v. Codo*, 65 Ill.App.2d 396, 401, the court stated, "In order for an encroachment to be intentional, it must be deliberate in the sense that the owner either proceeded to construct after notice of the encroachment, or that in ascertaining the boundary, * * * he so failed in the exercise of any appreciable precaution as to indicate a wilful disregard of the rights of the owner. * * * The mere showing that the encroachment exists does not establish that it was intentional."

This reasoning can be applied to this case. Even the surveyor admitted that he had to determine the boundary lines of the road from the existing surfaces, the ditches and the backslope, and the boundaries of the road are not shown on his plat. However, the road surface is marked. There were no fences on the north side of the road. The evidence also revealed that the encroachment upon plaintiffs' land was very slight. The defendant's ¾-inch cable was buried near the south boundary line of the plaintiffs' property and was located partially on the plaintiffs' property and partially upon the highway right-of-way which was not owned by the plaintiffs.

■■ The appellees' allegation that they will suffer irreparable damages if the trespass by way of the installation is permitted to continue is a conclusion which must be supported by evidence. The appellees did not offer any evidence of damages in their testimony. The only other witness was the surveyor, and he did testify as to the extent of his bill for services in preparing the plat which was offered in evidence. The record is silent as to a suggestion of irreparable damage. In *Dunker v. Field and Tule Club* (1907), 6 Cal.App. 524, 92 P. 502, the court held that irreparable damage is such so as to authorize an injunction, where it consists of a serious change of, or is destructive to, the property it affects, either physically or in the character in which it has been held and enjoyed, and when the property has some peculiar quality or use so that its pecuniary value will not fairly recompense the owner for the loss thereof. Appellees can successfully recover in a hearing before the trial court on the question of damages resulting from defendant's encroachment.

The judgment of the Circuit Court is reversed and the cause remanded to the Circuit Court of Williamson County for the purpose of ascertaining damages on behalf of the appellees.

Judgment reversed and remanded.

JONES, P. J., and KARNS, J., concur.