ANDREW GRIMMIG, Plaintiff-Appellant, *v.* NOAH FERRIS, Defendant-Appellee.

Fifth District    No. 79-206

Opinion filed November 30, 1979.

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellant.

Gomric & Kurowski, of Belleville (John J. Kurowski and James J. Gomric, of counsel), for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff Andrew Grimmig appeals from the judgment of the Circuit Court of St. Clair County dismissing his amended complaint. In his complaint, Grimmig asserted an ownership interest or, alternatively, a prescriptive easement in a purported alley 7½ feet wide running along the eastern edge of his property. This claim of a prescriptive easement has been abandoned and is not before us on appeal.

Defendant owns the lot lying to the immediate east of plaintiff's property. The land in controversy was conveyed to defendant Ferris with the reservation of an alleyway over a strip 7½ feet wide on the west side of the property. No like reservation appears in plaintiff's chain of title, nor in any deeds to other adjoining property.

On June 17, 1975, the trial court entered judgment for the plaintiff and permanently enjoined defendant from interfering with plaintiff's use of the alley. Several contempt orders subsequently issued against defendant, directing him to remove obstructions. Thereafter, defendant petitioned the court to stay the execution of its contempt orders, reciting that the Village of Swansea had adopted an ordinance vacating the alley and had conveyed whatever interest it might have in the alleyway to defendant.

On November 18, 1976, defendant filed motions to dismiss plaintiff's complaint under sections 72 and 48(i) of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, pars. 72, 48(i).) The trial court granted the motions on December 1, 1976, finding that the alley had been vacated by the Swansea ordinance; that the land had been reserved for the purpose of an alley only in defendant's chain of title; and that title to the land was accordingly vested in defendant pursuant to section 11—91—2 of the Illinois Municipal Code. Ill. Rev. Stat. 1975, ch. 24, par. 11—91—2.

On appeal, the parties agree that the only issue is the application of section 11—91—2 of the Code to the vacation of the alleyway by the Village of Swansea. That statute provides:

"* * * whenever any street or alley, or any part thereof, is vacated under or by virtue of any ordinance of any municipality, the title to the land included within the street or alley, or part thereof, so vacated, vests in the then owners of the land abutting thereon, in the same proportions and to the same extent as though the street or alley has been dedicated by a common law plat (as

distinguished from a statutory plat) and as though the fee of the street or alley had been acquired by the owners as a part of the land abutting on the street or alley."

Plaintiff maintains that the reservation in defendant's deed established a dedication to the village and that upon vacation, plaintiff and defendant as abutting owners were both entitled to a half of the vacated area, 3¾ feet. Defendant responds that the reservation only granted an easement to the village and that upon vacation, he continued to hold title to the land.

■■ At common law a grantor retained title to dedicated property subject to an easement in favor of a municipality, unlike a statutory dedication where fee simple title would be vested in the public upon acceptance (Ill. Rev. Stat. 1975, ch. 109, par. 3). Upon vacation, the grantor or his successor in title continues to hold title as before and the property is simply disencumbered of the easement. (*Kennedy v. Town of Normal* (1934), 359 Ill. 306, 194 N.E. 576.) Vacation merely extinguishes the easement and title to the entire parcel remains in the grantor or his successor in interest. (*People ex rel. Franchere v. City of Chicago* (1926), 321 Ill. 466, 476, 152 N.E. 141, 144.) The effect of the statute is to apply this common law pattern to statutory as well as common law dedications.

■■ It is uncontroverted that the disputed area is wholly in defendant's chain of title and was dedicated for alley purposes by defendant's predecessor in title. Plaintiff owned no land encumbered by the easement. We do not construe the statute as attempting to divest an owner of land of his property upon the vacation of an alley or street as plaintiff would argue. The purpose of the vacation statute has been thoroughly explained in *Prall v. Burckhartt* (1921), 299 Ill. 19, 24-26, 132 N.E. 280, 282-83. On vacation, the fee in an alley or street belongs to the owner of the land encumbered by the easement, as in common law dedication, not to the original dedicator, who may be a remote predecessor in title, or his heirs. It clearly does not belong to a complete stranger to the title, as the plaintiff in the instant case.

The appellee has filed a motion requesting the court to assess attorney's fees and expenses alleging that plaintiff's appeal is frivolous. We have taken this motion with the case. The motion is denied.

For these reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

JONES, P. J., and HARRISON, J., concur.