2019 IL App (3d) 180677

Opinion filed August 30, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| JCRE HOLDINGS, LLC, an Illinois Limited Liability Company, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0677 Circuit No. 14-CH-283 |
| GLK LAND TRUST and GARY L. KEMPF, Individually and as Trustee of the GLK Land Trust, | ) ) ) ) | The Honorable Katherine S. Gorman Hubler, |
| Defendants-Appellants. | ) ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justices O'Brien and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, JCRE Holdings, LLC, filed a complaint against defendants, GLK Land Trust and Gary L. Kempf, the owners of an adjoining property. The complaint sought injunctive relief or, alternatively, money damages for an alleged nuisance and/or trespass. Both parties filed motions for summary judgment. The trial court initially denied both motions but upon reconsideration granted plaintiff's motion and ordered defendants to remove the portion of their roof that extended over plaintiff's property. Defendants appeal, arguing that the trial court erred

in granting summary judgment to plaintiff because (1) their roof did not constitute a trespass and (2) plaintiff was not entitled to injunctive relief. We reverse and remand.

¶ 2                                                    BACKGROUND

¶ 3        Plaintiff owns property located at 4612 North Prospect Avenue in Peoria Heights. Defendant GLK Land Trust owns the neighboring property located at 4610 North Prospect Avenue. Defendant Gary L. Kempf is the trustee of defendant GLK Land Trust. The two properties share a common wall, which is located on the south side of plaintiff's property and the north side of defendants' property.

¶ 4        In 1982, the prior owners of parties' properties entered into and recorded a "Party Wall Agreement." The agreement designates the shared wall as a common support wall. In 1996, James Stewart owned defendants' property, and Douglas and Cynthia Hall owned plaintiff's property. Stewart asked the Halls for permission to use the party wall to construct a sloped metal roof that would hang over a portion of the Halls' roof. The Halls orally agreed, and Stewart constructed the roof. The roof hangs approximately 32 inches off of the common wall onto the neighboring property.

¶ 5        Defendants purchased their property from Stewart in March 2001. The roof Stewart constructed was still in place at that time and was in place when Gregory Comfort purchased the Halls' property in April 2002. The deed from the Halls to Comfort states that title to the property is "[s]ubject to covenants, conditions, restrictions, reservations and to easements apparent or of record." J.D. Comfort, Gregory's brother and owner of plaintiff, has been involved with the property since Gregory purchased it. In 2013, Gregory transferred the property to plaintiff JCRE Holdings, LLC, soon after it was formed.

¶ 6       In 2014, plaintiff filed a three-count complaint against defendants for injunctive and other relief. Count I alleged trespass and sought a mandatory injunction ordering defendants to remove all parts of their roof "overhanging any part of the common wall between the properties." Count II alleged nuisance and/or trespass and sought a mandatory injunction ordering defendants to remove or redesign and reinstall their roof. Count III alleged nuisance and/or trespass and sought money damages.

¶ 7       The parties filed cross motions for summary judgment. Following a hearing, the trial court denied both motions. Both parties then filed motions to reconsider. In response to plaintiff's motion to reconsider, defendants provided the court with an estimate it received for the removal and replacement of their roof at a cost of $12,760.00.

¶ 8       The trial court granted plaintiff's motion to reconsider, granting summary judgment in favor of plaintiff on count I of its complaint. The court ruled that the agreement between Stewart and the Halls constituted a revocable license that plaintiff revoked. The court ordered defendants to remove the portion of their roof that extended over "one-half of the width of the adjoining wall and extending further over the roof of the Plaintiff."

¶ 9       Plaintiff filed a motion for clarification and/or reconsideration, which defendants opposed. The trial court granted the motion and ordered defendants to remove "that part of the encroaching roof, guttering systems and components extending from the centerline of the party wall towards Plaintiff's property."

¶ 10                                    ANALYSIS

¶ 11                                        I

3

¶ 12      Defendants first argue that the trial court erred in finding that their roof constituted a trespass to plaintiff's property. Defendants contend that they had an apparent easement allowing their roof to encroach on plaintiff's property.

¶ 13      An easement is a privilege in land, distinct from ownership of the land itself, and is an estate or interest in itself. *Mueller v. Keller*, 18 Ill. 2d 334, 340 (1960). An easement cannot be created by an oral agreement but only by grant or prescription. *Id.* at 339.

¶ 14      A license, on the other hand, is permission to do an act or a series of acts upon the land of another without possessing any interest in the land. *Id.* at 340. A license is merely permission to do things on the land of another and is not an estate in itself. *Id.* A license cannot ripen into an easement regardless of the amount of time the license is enjoyed. *Id.* A license terminates upon the transfer of title. *Maton Bros., Inc. v. Central Illinois Public Service Co.*, 356 Ill. 584, 591 (1934). A court will presume that an oral agreement to impress property with a servitude is intended as a license only and not as an easement or other interest in the land. *Petersen v. Corrubia*, 21 Ill. 2d 525, 532 (1961); *In re Estate of Wallis*, 276 Ill. App. 3d 1053, 1057-58 (1995).

¶ 15      A license protects against an action for trespass for acts done under it before termination. *Kamphouse v. Gaffner*, 73 Ill. 453, 460 (1874); see *Maton Bros.*, 356 Ill. at 591. However, upon termination of a license, the licensee's failure to remove its property from the licensor's land constitutes a trespass. See *Kamphouse*, 73 Ill. at 460; *Maton Bros.*, 356 Ill. at 591-92.

¶ 16      Here, the oral agreement entered into by the Halls and Stewart in 1996 allowing Stewart to build a roof encroaching on the Halls' property was a license. That license terminated in 2001, when defendants purchased Stewart's property. See *Maton Bros.*, 356 Ill. at 591. Once the license terminated, defendants' roof constituted a trespass to the neighboring property. See

4

*Kamphouse*, 73 Ill. at 460; *Maton Bros.*, 356 Ill. at 591-92. Thus, the trial court properly found that defendants' property constituted a trespass to plaintiff.

¶ 17　　　Having found that defendants committed a trespass against plaintiff, we must next determine if the relief granted by the trial court, a mandatory injunction, was appropriate.

¶ 18　　　　　　　　　　　　　　　II

¶ 19　　　Defendants argue that the trial court erred in granting plaintiff injunctive relief. They contend that an injunction is inappropriate because removing the portion of the roof encroaching on plaintiff's property would impose a great hardship on them and plaintiff would receive only a slight benefit.

¶ 20　　　To be entitled to injunctive relief, the party seeking the injunction must demonstrate (1) a clear and ascertainable right in need of protection, (2) that it will suffer irreparable harm if the injunction is not granted, and (3) that no adequate remedy at law exists. *Swigert v. Gillespie*, 2012 IL App (4th) 120043, ¶ 27. In addition, a court deciding whether to order injunctive relief should balance the equities. *County of Kendall v. Rosenwinkel*, 353 Ill. App. 3d 529, 538 (2004). A mandatory injunction is an extraordinary remedy that may be granted only in the exercise of sound judicial discretion in cases of great necessity. *Taubert v. Fluegel*, 122 Ill. App. 2d 298, 302 (1970).

¶ 21　　　When a property owner intentionally encroaches on the land of an adjoining owner, injunctive relief compelling the removal of the encroachment is generally appropriate. See *Ariola v. Nigro*, 16 Ill. 2d 46, 51-52 (1959); *Taubert*, 122 Ill. App. 2d at 302; *General American Realty Co. v. Greene*, 107 Ill. App. 3d 1011, 1016 (1982). For an encroachment to be intentional, it must be deliberate, in that the owner (1) proceeded to construct after notice of the encroachment or (2) in ascertaining the boundary or in constructing and maintaining his building, acted in

5

willful disregard of the rights of the adjoining property owner. *Stroup v. Codo*, 65 Ill. App. 2d 396, 401 (1965).

¶ 22    However, if an encroachment is unintentional, injunctive relief may be denied. *Taubert*, 122 Ill. App. 2d at 302. Where the cost for removing an encroachment is great, the corresponding benefit to the adjoining landowner is small, and damages can be had at law, courts will ordinarily refuse to grant injunctive relief requiring a party to remove an unintentional encroachment. *Terwelp v. Sass*, 111 Ill. App. 3d 133, 138-39 (1982); *Cammers v. Marion Cablevision*, 26 Ill. App. 3d 176, 180 (1975); *Stroup*, 65 Ill. App. 2d at 401.

¶ 23    Here, Stewart constructed the roof encroaching on the Halls' property only after receiving permission to do so. Therefore, the encroachment was not intentional. See *Stroup*, 65 Ill. App. 2d at 401. Defendants' cost to remove and replace the roof would be great, while plaintiff suffered minimal damage from the encroachment. Under these circumstances, the trial court abused its discretion in granting injunctive relief to plaintiff. Thus, we reverse the trial court's grant of summary judgment to plaintiff on count I of its complaint and remand for further proceedings.

¶ 24                                CONCLUSION

¶ 25    The judgment of the circuit court of Peoria County is reversed, and the cause is remanded.

¶ 26    Reversed and remanded.

| | |
|---|---|
| **Cite as:** | *JCRE Holdings, LLC v. GLK Land Trust*, 2019 IL App (3d) 180677 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 14-CH-283; the Hon. Katherine S. Gorman Hubler, Judge, presiding. |
| **Attorneys for Appellant:** | Jo T. Wetherill, of Quinn, Johnston, Henderson, Pretorius & Cerulo, of Peoria, for appellants. |
| **Attorneys for Appellee:** | Timothy J. Cassidy, of Cassidy & Mueller P.C., of Peoria, for appellee. |